IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | CHAPTER: | 7 |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | CASE NO.: | 3:14-bk-09118 |
| | ) | JUDGE: | MASHBURN |
| 22 Century Blvd., Suite 410 | ) | | |
| Nashville, TN 37214 | ) | | |
| Debtor. | ) | | |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | | |
| Plaintiff, | ) | | |
| v. | ) | ADV. PRO. | 3:15-ap-90079 |
| **CONEY ISLAND AUTO PARTS UNLIMITED, INC.** | ) | | |
| Defendant. | ) | | |

## DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

Defendant Coney Island Auto Parts Unlimited, Inc. ("Coney Island"), pursuant to Federal Bankruptcy Rule of Procedure 9024 and Rules of Civil Procedure 55 and 60, respectfully submits this motion to vacate the default judgment entered by this Court in favor of plaintiff Vista-Pro Automotive, LLC ("Vista-Pro"). [Adv. Docket No. 17]. In support thereof, Coney Island states:

1. Vista-Pro commenced this adversary proceeding for unpaid invoices on February 11, 2015. [Adv. Docket No. 1; Decl. D. Ginzburg ("Ginzburg Decl."), Ex. 1].

2. Shortly thereafter, Vista-Pro served the Summons and Complaint via first class mail upon Coney Island in New York but did not address the mailing to an officer or general or managing agent as required by Bankruptcy Rule 7004(b)(3). [Adv. Docket No. 9; Ginzburg Decl., Ex. 2].

3.	Coney Island did not respond to the Complaint, and Vista-Pro moved this Court for judgment by default. [Adv. Docket No. 12; Ginzburg Decl., Ex. 4]. On May 19, 2015, the Court signed and entered an Order Granting Motion for Default Judgment. [Adv. Docket No. 17; Ginzburg Decl., Ex. 5].

4.	In September 2020, Vista-Pro commenced a proceeding in the United States Bankruptcy Court for the Southern District of New York to register the default judgment. [Ginzburg Decl., Ex. 6]. Later, using New York State process, Vista-Pro secured the amount of the default judgment that Coney Island had in a bank account. [Ginzburg Decl., Exs. 7-8].

5.	In September 2021, Coney Island moved the New York Bankruptcy Court to vacate the default judgment. [Ginzburg Decl., Ex. 9]. That court agreed that service was improper but held that because this Court entered the default judgment the application to vacate should also be addressed to this Court. [*Id.* at 6:23-7:10; Ginzburg Decl., Ex. 10].

For the reasons set forth herein, and in the contemporaneously filed *Memorandum of Law in Support of Motion to Vacate Default Judgment* and the exhibits and declarations in support thereof, Coney Island respectfully requests that this Court enter an order (a) voiding and vacating the Judgment, and (b) compelling Vista-Pro to return to Coney Island the amount of the seized funds.

Dated: July 8, 2022							Respectfully Submitted:


							/s/ Ned Hildebrand
							Henry E. ("Ned") Hildebrand IV
							DUNHAM HILDEBRAND, PLLC
							2416 21st Avenue South, Suite 303
							Nashville, TN 37212
							629.777.6519
							ned@dhnashville.com


							Outside Counsel:

							Daniel Ginzburg
							*Admitted Pro Hac Vice*
							The Ginzburg Law Firm, P.C.
							151 Highway 516, Unit 736
							Old Bridge, NJ 08857
							(732) 284-3841
							daniel@ginzburglawfirm.com

							*Counsel to Defendant*
							*Coney Island Auto Parts Unlimited, Inc.*

## CERTIFICATE OF SERVICE

       I hereby certify that on July 8, 2022, a true and exact copy of the foregoing was served by the Court's CM/ECF system to all parties consenting to electronic service and by U.S. mail, first-class postage pre-paid upon:

Alexandra E. Dugan
BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
Nashville, TN 37203

William L. Norton, III
BRADLEY ARANT BOULT CUMMINGS LLP
PO Box 340025
Nashville, TN 37203

Phillip G. Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067

                                    /s/ Ned Hildebrand
                                    Henry E. ("Ned") Hildebrand IV