# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CHAPTER: 7 |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | CASE NO.: 3:14-bk-09118 |
| | ) | JUDGE: MASHBURN |
| 22 Century Blvd., Suite 410 | ) | |
| Nashville, TN 37214 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADV. PRO. 3:15-ap-90079 |
| v. | ) | |
| | ) | |
| **CONEY ISLAND AUTO PARTS** | ) | |
| **UNLIMITED, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION PURSUANT TO FEDERAL BANKRUPTCY RULE OF PROCEDURE 9024 AND RULES OF CIVIL PROCEDURE 60(b)(4) AND 55(c) TO VACATE DEFAULT JUDGMENT

Defendant Coney Island Auto Parts Unlimited, Inc. ("Coney Island"), pursuant to Federal Bankruptcy Rule of Procedure 9024 and Rules of Civil Procedure 55 and 60, respectfully submits this memorandum of law (the "Memorandum") in support of *Defendant's Motion to Vacate Default Judgment* (the "Motion"), which seeks to vacate the default judgment entered by this Court in favor of plaintiff Vista-Pro Automotive, LLC ("Vista-Pro"). [Adv. Docket No. 17]. In support thereof,

Coney Island states:

## **Factual and Procedural Background**

1.      On November 17, 2014, an involuntary Chapter 7 bankruptcy petition was filed for Vista-Pro in this Court, where it was assigned Case Number 3:14-bk-09118 (the "Bankruptcy Case"). [Bankr. Docket No. 1].

2.      On December 16, 2014, this Court entered an *Agreed Order of Relief* converting the Bankruptcy Case to one under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). [Bankr. Docket No. 29].

3.      On June 9, 2015, this Court converted the Bankruptcy Case to one under Chapter 7 of the Bankruptcy Code. [Bankr. Docket No. 376].

4.      On February 11, 2015, Vista-Pro commenced an adversary proceeding in this Court, Case No. 3:15-ap-90070 (the "Adversary Proceeding") for unpaid invoices against Coney Island by way of filing a *Complaint* (the "Complaint"). [Adv. Docket No. 1; Decl. D. Ginzburg ("Ginzburg Decl."), Ex. 1].

5.      According to the certificate of service, Vista-Pro's counsel served its Summons and Complaint via regular, first class United States mail, postage fully pre-paid, addressed to:

> Coney Island Auto Parts Unltd., Inc.
> 2317 McDonald Ave.
> Brooklyn, NY 11223

[Adv. Docket No. 9; Ginzburg Decl., Ex. 2].

6.      On April 13, 2015, Vista-Pro filed a *Request for Entry of Default* (the "Request for Default") and a *Declaration In Support of the Entry of Default* (the "Default Declaration"). [Adv. Docket No. 10; Ginzburg Decl., Ex. 3]. According to the Default Declaration, the Complaint and Summons "were served on Coney Island on February 23, 2015, by delivery of a copy of the

2

Complaint and Summons by U.S. mail at 2317 McDonald Ave., Brooklyn, New York 11223." [*Id.*].

7.    On April 13, 2015, contemporaneously with its filing of the Request for Default and the Default Declaration, Vista-Pro filed a *Motion for Default Judgment* (the "Motion for Default") and *Declaration in Support of Motion for Default Judgment* (the "Default Motion Declaration"). [Adv. Docket No. 12; Ginzburg Decl., Ex. 4].

8.    The Motion for Default was signed by separate counsel from the Request for Default and the Default Declaration. [*Id.*]. However, consistent with the Request for Default and Default Declaration, the Motion for Default stated that the Summons and Complaint were delivered "by U.S. mail at 2317 McDonald Ave., Brooklyn, New York 11233." [*Id.*].

9.    On May 19, 2015, this Court signed and entered the *Order Granting Motion for Default Judgment* (the "Default Judgment Order"). [Adv. Docket No. 17; Ginzburg Decl., Ex. 5]. Pursuant to the Default Judgment Order, the judgment was in the amount of $48,696.21, plus $7.00 per diem (the "Judgment"). [*Id.*].

10.    On September 14, 2020, Vista-Pro commenced a proceeding in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"), Case No. 20-00401 (the "New York Case") to register the Judgment in the New York Court by and through its filing of a *Certification of Judgment for Registration In Another District*. [Ginzburg Decl., Ex. 6].

11.    Following commencement of the New York Case, Vista-Pro served upon Metropolitan Commercial Bank ("Met Bank") an *Information Subpoena with Restraining Notice* pursuant to New York State law (the "Subpoena"). [Ginzburg Decl., Ex. 7].

3

12. As a result of the Subpoena, Met Bank advised Coney Island that it had placed a hold on Coney Island's account in the amount of $97,392.42 (twice the amount of the judgment). [Ginzburg Decl., Ex. 8].

13. On October 7, 2021, Coney Island moved the New York Court to vacate the Judgment due to lack of jurisdiction. [Ginzburg Decl., Ex. 9].

14. During the hearing, the court agreed that service seemed to be improper. [*Id.* at 6:23–7:1]. However, the court exercised its discretion and held that Coney Island's recourse lies with this Court as a matter of comity because it entered the Judgment and the underlying bankruptcy proceeding remains open. [*Id.* at 7:1-10]. Therefore, the court denied the motion, and on October 12, 2021 issued an order to that effect. [Ginzburg Decl., Ex. 10].

15. On October 28, 2021, a Marshal of the City of New York seized funds sufficient to satisfy the Judgment from Met Bank. As a result, Vista-Pro filed a Satisfaction of Judgment. [Ginzburg Decl., Ex. 11].

16. Coney Island timely appealed the Bankruptcy Court's decision to the United States District Court. On April 21, 2022, the District Court issued an Opinion and Order affirming the Bankruptcy Court's order. [Ginzburg Decl., Ex. 12].

17. Coney Island now files this Motion seeking relief from the Judgment for the reasons set forth herein.

## <u>Jurisdiction</u>

18. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a) and (c)(1) and 1334(b).

19.     By this motion, Coney Island seeks an order (a) declaring the Judgment void because this Court lacked personal jurisdiction over Coney Island in this Adversary Proceeding, and (b) compelling Vista-Pro to return to Coney Island the funds seized to satisfy the Judgment.

20.     The Court lacked personal jurisdiction over Coney Island in this Adversary Proceeding because Vista-Pro's service of the Summons and Complaint upon Coney Island was defective.  Vista-Pro served the documents via first class mail.  [Adv. Docket Nos. 9, 10, 12; Ginzburg Decl., Exs. 2-4]. Such service upon a corporation is permitted by the Bankruptcy Rules of Procedure, but the documents must be addressed to the attention of an officer or general or managing agent of the corporation.  Vista-Pro's Certificate of Service shows that its counsel mailed the Summons and Complaint to Coney Island, but not to anyone's attention.  [*Id.*]. Accordingly, service was improper, and the Judgment is void.

21.     The passage of time since the 2015 entry of the Judgment does not affect its invalidity.  As set forth below, numerous courts—including the Sixth Circuit Courts of Appeals— have uniformly held that laches is not a defense to a motion to vacate a void judgment, and time alone cannot revive a judgment void *ab initio*.

22.     For these reasons, Coney Island respectfully requests that the Court vacate the Judgment and order Vista-Pro to restitute the seized funds.

## Argument

### I.     Applicable Legal Standard

Bankruptcy Rule 9024 makes Rule 60 of the Federal Rules of Civil Procedure applicable in Bankruptcy Courts.  Rule 60(b)(4) states that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void."  *See also*

Fed. R. Civ. P. 55(c) ("For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).").

Further, although Rule 60(b) is worded permissively – "may relieve" – the Sixth Circuit has held that a court does not have discretion to deny a motion to vacate a void judgment. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("If the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)."); *see also Cunningham v. Enagic USA, Inc.*, 2019 WL 5549246, 2019 U.S. Dist. LEXIS 185075, at *8 (M.D. Tenn. Sept. 10, 2019) ("[W]hen the requested relief is from a void judgment due to lack of proper service, the Court need not weigh [any] equitable factors.").

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). Therefore, "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). As a result, it is a "bedrock principle that a defendant is not obliged to engage in civil litigation unless the defendant is properly notified of the action and brought under the court's authority, i.e., personal jurisdiction, by formal service of process." *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002). Critical here, even defendant's possible actual notice of a lawsuit is "immaterial to the question of whether that defendant was properly served." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999). And in the absence of proper service, "a federal court is powerless to proceed to an adjudication." *King*, 694 F.3d at 655 (citation and internal quotation marks omitted)).

6

"It is elemental that a judgment rendered by a court lacking personal jurisdiction over the defendant is void as to that defendant." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990). There can be no personal jurisdiction over a defendant in an adversary proceeding where service is defective. *Cook v. Dep't of Safety of Tenn. (In re Cook)*, 421 B.R. 446, 454 (Bankr. W.D. Tenn. 2009) ("Proper service under Rule 4 is necessary for a court to obtain personal jurisdiction over a defendant in an adversary proceeding."); *PNC Mortg. v. Rhiel*, 2011 WL 1043949, 2011 U.S. Dist. LEXIS 28339, at *14-15 (S.D. Ohio Mar. 18, 2011) (holding that Bankruptcy Rule 7004 must be strictly construed and vacating a default judgment because service of process was defective).

## II.    Vista-Pro Improperly Served Coney Island Because Service Through First Class Mail Requires the Papers to Be Addressed to a Specific Corporate Agent, and Vista-Pro Did Not Abide by the Rule

Bankruptcy Rule 7004(b)(3) states that service upon a corporation may be accomplished via first class mail "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent . . . ." Bankruptcy courts generally, including those in Tennessee, have interpreted this provision strictly, requiring mailing to be to a specific person, not just the corporation. *See Reaves v. Am.'s Serv. Co. (In re Reaves)*, 396 B.R. 708, 716 (Bankr. W.D. Tenn. 2008) ("Courts have found that when a pleading was not addressed to an officer by either name or title it is insufficient service under Rule 7004(b)(3)."); *York v. Bank of Am., N.A. (In re York)*, 291 B.R. 806, 810-11 (Bankr. E.D. Tenn. 2003) ("The problem [of whether service requires an individual's name or merely a title] is not relevant to this proceeding because the original summons was not addressed to an officer by either name or title. As a result, it was not proper service under Rule 7004(b)(3)."). Courts around the nation have agreed. *See Savage & Assocs., P.C. v. 1201 Owner Corp. (In re Teligent, Inc.)*, 485 B.R. 62, 68 (Bankr. S.D.N.Y. 2013) ("[S]ervice not directed to the attention of anybody in particular is not sufficient" (alteration in original and

7

citation omitted)); *Beneficial Cal., Inc. v. Villar (In re Villar)*, 317 B.R. 88, 93 (Bankr. 9th Cir. 2004) ("[N]ationwide service of process by first class mail is a rare privilege which should not be abused . . . thus, the service has to be made to a specifically named officer. Accordingly, service on corporation was insufficient under the plain words of Rule 7004(b)(3) when it failed to specify a person or even an office.").

Here, there is no question that service of the Summons and Complaint was made via first class mail to "Coney Island Auto Parts Unltd., Inc.," and not to any specific named person, or title of officer or agent. [Adv. Docket Nos. 9, 10, 12; Ginzburg Decl., Exs. 2-4]. Accordingly, Vista-Pro's service by way of Rule 7004(b)(3) was improper and this Court lacked *in personam* jurisdiction over Coney Island. *See Savage*, 485 B.R. at 69-70 ("Savage's failure was not a mere technical violation of a Bankruptcy Rule; the method of notice deprived 1737 Corp. of due process of law. . . . Accordingly, the Court never acquired personal jurisdiction over 1737 Corp., the Judgment is void, and it is vacated."); *Reaves*, 396 B.R. at 716 ("The debtor also failed to address the pleadings to an officer or agent and instead merely addressed the pleadings to 'American Servicing Company.' This too is insufficient. . . . As a result, the Court finds that it had no personal jurisdiction over ASC at the time the judgment of contempt was rendered. That judgment is hereby declared void."); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) ("In short, the requirement of proper service of process is not some mindless technicality.").

### III.   Vista-Pro Cannot Take Advantage of Laches Or Any Other Sort of Equitable Defense to Argue That This Motion is Untimely

In response to the motion, Vista-Pro may argue that because the Judgment was entered in 2015, Coney Island should have moved earlier to seek its vacation. This argument would be misplaced. First, arguments sounding in equity are inappropriate in connection with Rule 60(b)(4) motions. *See O.J. Distrib.*, 340 F.3d at 355 (holding that a court reviewing a request for relief

based on a void judgment need not consider any equitable factors). Moreover, courts have consistently held that a judgment void *ab initio* is not revived by the mere passage of time. *Church v. Charter Plymouth*, 2008 U.S. Dist. LEXIS 145618, at *18 (E.D. Mich. Sept. 30, 2008); *Jackson v. FIE Corp.*, 302 F.3d 515, 523-24 (5th Cir. 2002) ("[T]here is no time limit on Rule 60(b)(4) motions, and [the] doctrine of laches has no effect. As a general rule, the fact that such a motion is made long after the entry of a default judgment should not be an obstacle to the jurisdictional inquiry."); *Hertz Corp. v. Alamo Rent-A-Car*, 16 F.3d 1126, 1130 (11th Cir. 1994) (collecting cases and concluding that "*no court* has denied relief under Rule 60(b)(4) because of delay" (emphasis in original and citation omitted)); *Owens-Corning Fiberglass Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985) ("[A] void judgment cannot acquire validity because of laches on the part of the judgment debtor (Owens-Corning in this case). . . . Therefore, Owens-Corning's delay in bringing its Rule 60(b)(4) motion is irrelevant and the motion was timely.").

## IV. A Meritorious Defense to a Judgment Creditor's Claim is Not Necessary to Prevail On a Rule 60(b)(4) Motion

In keeping with the notion that a judgment obtained in the absence of *in personam* jurisdiction is void *ab initio*, courts have held that a movant seeking to vacate a void default judgment need not show the existence of a meritorious defense to the judgment creditor's original claims. *See In re Park Nursing Ctr.*, 766 F.2d 261, 264 (6th Cir. 1985) ("[I]f the manner of service of process is unconstitutional, the District Court would be required to set aside the default judgment without a showing of a meritorious defense by the defendant.").

9

## Conclusion

For the foregoing reasons, the Court should enter an order (a) voiding and vacating the Judgment, and (b) compelling Vista-Pro to return to Coney Island the amount of the seized funds.

Dated: July 8, 2022                    Respectfully Submitted:


/s/ Ned Hildebrand
Henry E. ("Ned") Hildebrand, IV
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, TN 37212
629.777.6519
ned@dhnashville.com


Outside Counsel:

Daniel Ginzburg
*Admitted Pro Hac Vice*
The Ginzburg Law Firm, P.C.
151 Highway 516, Unit 736
Old Bridge, NJ 08857
(732) 284-3841
daniel@ginzburglawfirm.com

*Counsel to Defendant*
*Coney Island Auto Parts Unlimited, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, a true and exact copy of the foregoing was served by the Court's CM/ECF system to all parties consenting to electronic service and by U.S. mail, first-class postage pre-paid upon:

Alexandra E. Dugan
BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
Nashville, TN 37203

William L. Norton, III
BRADLEY ARANT BOULT CUMMINGS LLP
PO Box 340025
Nashville, TN 37203

Phillip G. Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Ned Hildebrand
Henry E. ("Ned") Hildebrand IV

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CHAPTER: 7 |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | CASE NO.: 3:14-bk-09118 |
| | ) | JUDGE: MASHBURN |
| 22 Century Blvd., Suite 410 | ) | |
| Nashville, TN 37214 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADV. PRO. 3:15-ap-90079 |
| v. | ) | |
| | ) | |
| **CONEY ISLAND AUTO PARTS** | ) | |
| **UNLIMITED, INC.** | ) | |
| | ) | |
| Defendant. | | |

**DECLARATION OF COUNSEL IN SUPPORT OF**
**DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT**

Daniel Ginzburg, an individual over the age of eighteen, makes the following Declaration

pursuant to 28 U.S.C. § 1746:

My firm is counsel to defendant-judgment debtor Coney Island Auto Parts Unlimited, Inc.

I submit this Declaration in support of Coney Island's motion to vacate default judgment.

1.      Annexed hereto as Exhibit 1 is a true and correct copy of the Complaint filed in the

U.S. Bankruptcy Court for the Middle District of Tennessee (the "Tennessee Court").

2.      Annexed hereto as Exhibit 2 is a true and correct copy of the Certificate of Service.

3.      Annexed hereto as Exhibit 3 is a true and correct copy of the Request for Entry of

Default.

4. Annexed hereto as Exhibit 4 is a true and correct copy of the Motion for Default Judgment.

5. Annexed hereto as Exhibit 5 is a true and correct copy of the Order Entering Default Judgment.

6. Annexed hereto as Exhibit 6 is a true and correct copy of the Registration of Foreign Judgment.

7. Annexed hereto as Exhibit 7 is a true and correct copy of the Subpoena and Restraining Order issued to Metropolitan Commercial Bank.

8. Annexed hereto as Exhibit 8 is a true and correct copy of the letter from Metropolitan Commercial Bank to Coney Island, dated February 5, 2021.

9. Annexed hereto as Exhibit 9 is a true and correct copy of the October 7, 2021 transcript from the motion hearing in the Bankruptcy Court for the Southern District of New York.

10. Annexed hereto as Exhibit 10 is a true and correct copy of October 12, 2021 Order of the Bankruptcy Court for the Southern District of New York.

11. Annexed hereto as Exhibit 11 is a true and correct copy of the December 6, 2021 Satisfaction of Judgment filed by Vista-Pro.

12. Annexed hereto as Exhibit 12 is a true and correct copy of the April 21, 2022 Opinion and Order entered by the United States District Court for the Southern District of New York.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on June 30, 2022

/s/ Daniel Ginzburg
Daniel Ginzburg

# Exhibit 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

In re:                      )

                              )    Case No. 14-09118

**VISTA PRO AUTOMOTIVE, LLC**      )    Judge Mashburn

                              )    Chapter 11

22 Century Blvd., Suite 410       )

Nashville, TN 37214           )

                              )    Adv. Pro. _____

        Debtor.           )

                              )

**VISTA PRO AUTOMOTIVE, LLC**      )

                              )

        Plaintiff,        )

v.                               )

                              )

**CONEY ISLAND AUTO PARTS**       )

**UNLIMITED, INC.**               )

        Defendant.

## COMPLAINT

     Vista-Pro Automotive, LLC ("Vista-Pro"), hereby sues Coney Island Auto Parts Unlimited, Inc. ("Coney Island") for failure to pay to Vista-Pro amounts due and owing under various purchase orders.

### I.       PARTIES AND JURISDICTION

     1.     Vista-Pro is a Delaware limited liability company and debtor-in-possession under Chapter 11 pending in the United States Bankruptcy Court for the Middle District of Tennessee and in that capacity has power to bring this action.

     2.     Coney Island is a New York corporation doing business at 2317 McDonald Ave., Brooklyn, NY 11223.

3.     This court has jurisdiction over this matter pursuant to 28 U.S.C. 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II.    CAUSE OF ACTION

4.     Coney Island has purchased numerous products from Vista-Pro.   Upon the delivery of such parts, Vista-Pro mails an invoice to Coney Island, which notates the payment terms on the invoice.

5.     As of January 30, 2015, the accounts receivable balance against Coney Island was $48,696.21.  Attached as <u>Exhibit A</u> is a schedule of the amounts invoiced to Coney Island under various purchase orders.

6.     Vista-Pro has demanded payment from Coney Island of the amounts due under the purchase orders.   However, $48,696.21 remains outstanding under the various purchase orders.  The last payment received from Coney Island was on September 30, 2014.

**WHEREFORE**, Vista-Pro prays for a judgment against Coney Island in the amount of $48,696.21, plus reasonable attorney's fees and expenses.

Respectfully submitted,

*/s/ William L. Norton III*

William L. Norton, III (BPR #10075)
Alexandra E. Dugan (BPR #30420)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee  37203
(615) 252-2397
bnorton@babc.com
adugan@babc.com

*Attorneys for Vista-Pro Automotive, LLC*

7/3584298.1
Case 3:15-ap-90007-9    Doc 47    Filed 02/08/22    Entered 02/08/22 15:37:54    Desc Main
Document    Page 17 of 23

| Customer | Customer # | Doc Type | Doc # | Invoice Date | Due Date | Total Due | Reference |
|---|---|---|---|---|---|---|---|
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10142954 | 07/09/14 | 10/07/14 | $ 68.06 | 01QG3362 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10149970 | 08/20/14 | 10/04/14 | $ 2,117.85 | 01QH7357 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RM | 10150199 | 08/21/14 | 10/05/14 | $ (50.49) | 08182014 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RM | 10150749 | 08/26/14 | 10/10/14 | $ (2,187.69) | 01QM5942 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10150904 | 08/27/14 | 10/11/14 | $ 527.40 | 01QG9564 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10150905 | 08/27/14 | 10/11/14 | $ 41.67 | 01QG9691 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10150906 | 08/27/14 | 10/11/14 | $ 2,241.51 | 01QH7850 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10151216 | 08/29/14 | 10/13/14 | $ 2,210.32 | 01QH8357 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RM | 10151524 | 09/02/14 | 10/17/14 | $ (1,977.27) | 01QH3307 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10151949 | 09/05/14 | 10/20/14 | $ 1,331.22 | 01QH8945 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10152523 | 09/10/14 | 10/25/14 | $ 1,730.14 | 01QH9825 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10152746 | 09/11/14 | 10/26/14 | $ 229.60 | 01QH8945 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10153405 | 09/16/14 | 10/31/14 | $ 766.97 | 01QH9961 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10153595 | 09/17/14 | 11/01/14 | $ 6,029.00 | 01QI0704 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10154092 | 09/22/14 | 11/06/14 | $ 1,426.89 | 01QI0765 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10154671 | 09/26/14 | 11/10/14 | $ 1,189.80 | 01QI1364 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RM | 10154914 | 09/29/14 | 11/13/14 | $ (4,141.52) | 9252014 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10155510 | 10/06/14 | 11/20/14 | $ 1,858.05 | 01QI1826 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10155915 | 10/08/14 | 11/22/14 | $ 64.93 | 01QH6944 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10155916 | 10/08/14 | 11/22/14 | $ 319.62 | 01QH8945 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10155917 | 10/08/14 | 11/22/14 | $ 83.79 | 01QI0704 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10155918 | 10/08/14 | 11/22/14 | $ 57.40 | 01QI0765 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10156541 | 10/14/14 | 11/28/14 | $ 2,717.06 | 01QI2498 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10157143 | 10/21/14 | 12/05/14 | $ 31,802.14 | 01QI13903 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10157337 | 10/23/14 | 12/07/14 | $ 71.76 | 01QH7357 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10157979 | 11/04/14 | 12/19/14 | $ 84.00 | 01QH7850 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RI | 10157980 | 11/04/14 | 12/19/14 | $ 153.52 | 01QH9961 |
| CONEY ISLAND AUTO PARTS BROOKLYN ,NY | 101703 | RM | 10158258 | 11/07/14 | 12/22/14 | $ (69.52) | 10157980 |

$ 48,696.21    Desc

# Exhibit 2

Form B 250B (12/09)

United States Bankruptcy Court
Middle District of Tennessee

In re:

VISTA-PRO AUTOMOTIVE, LLC,

|  |  |
|---|---|
| Debtor(s). | Bankruptcy Case No. 314-09118<br>Chapter 11<br>Judge MASHBURN |

VISTA PRO AUTOMOTIVE, LLC,

|  |  |
|---|---|
| Plaintiff(s) | Adversary<br>Proceeding No. 3:15-ap-90079 |

v.

CONEY ISLAND AUTO PARTS UNLIMITED, INC.,

Defendant(s)

### REISSUED
### SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
### IN AN ADVERSARY PROCEEDING

<u>To the Defendant(s)</u>: YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

> UNITED STATES BANKRUPTCY COURT
> MIDDLE DISTRICT OF TENNESSEE
> 701 BROADWAY, ROOM 170
> NASHVILLE, TN 37203

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY: |
| --- |
| William L. Norton, III<br>Bradley Arant Boult Cummings LLP<br>1600 Division Street, Suite 700<br>Nashville, Tennessee 37203 |

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF TENNESSEE<br>701 BROADWAY, SECOND FLOOR<br>NASHVILLE, TN 37203 | COURTROOM ONE |
| --- | --- |
| | DATE & TIME<br>5/6/2015<br>1:45 p.m. |

**If you fail to respond to this summons, your failure will be deemed to be your consent to entry of a judgment by the bankruptcy court and judgment by default may be taken against you for the relief demanded in the complaint.**

To the Plaintiff(s): You must serve this Summons and Notice of Pretrial Conference together with the complaint no later than 7 days after the issuance date shown below. If more than 7 days pass before service is completed, a new summons must be requested and served.

2/23/2015
Issuance Date

/s/    Matthew T. Loughney
Clerk of the Bankruptcy Court

By:  /s/    Lolitha Scruggs
Courtroom Deputy Clerk



## CERTIFICATE OF SERVICE

I, _Diane L. Abbott_ certify that service of this summons and a copy of the complaint was made _Feb. 23, 2015_ by:

☒ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:
_Coney Island Auto Parts Unltd, Inc._
_2317 McDonald Ave._
_Brooklyn, NY 11223_

☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

☐ If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _2/23/15_          Signature _Diane L. Abbott_

Print Name:          _Diane L. Abbott, Bradley Arant Boult_
Business Address:    _1600 Division St. Ste. 700  Cummings, LLC_
                     _Nashville, TN 37203_

# Exhibit 3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

In re:                   )

                       )   Case No. 14-09118

**VISTA PRO AUTOMOTIVE, LLC**   )   Judge Mashburn

                       )   Chapter 11

22 Century Blvd., Suite 410     )

Nashville, TN 37214          )

                       )

       Debtor.         )

                       )

**VISTA-PRO AUTOMOTIVE, LLC**   )

                       )

       Plaintiff,      )   Adv. Pro. 15-90079

v.                         )

                       )

**CONEY ISLAND AUTO PARTS**   )

**UNLIMITED, INC.**         )

                       )

       Defendant.     )

---

### DECLARATION IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT

---

Comes now Alexandra E. Dugan and states:

1.    I am an attorney with Bradley Arant Boult Cummings LLP and serve as counsel to Vista-Pro Automotive, LLC ("Vista-Pro") in this bankruptcy case.

2.    This Declaration is submitted in support of Vista-Pro's Request for Entry of Default against Defendant, CONEY ISLAND AUTO PARTS UNLIMITED, INC. ("Coney Island").

3.    Vista-Pro filed its Complaint and the Summons was issued in this action. The Complaint and Summons were served on Coney Island on February 23, 2015, by delivery of a

copy of the Complaint and Summons by U.S. mail at 2317 McDonald Ave., Brooklyn, New York 11223.  The deadline for Coney Island to file an Answer to the Complaint has passed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this the 13th day of April, 2015.

/s/ Alexandra E. Dugan
Alexandra E. Dugan (#30420)
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, TN  37203
(615) 252-4638
(615)252-4705 (fax)
adugan@babc.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 14-09118 |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | Judge Mashburn |
| | ) | Chapter 11 |
| 22 Century Blvd., Suite 410 | ) | |
| Nashville, TN 37214 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. 15-90079 |
| v. | ) | |
| | ) | |
| **CONEY ISLAND AUTO PARTS** | ) | |
| **UNLIMITED, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

---

### REQUEST FOR ENTRY OF DEFAULT

Plaintiff/Debtor, Vista-Pro Automotive, LLC ("Vista-Pro") hereby requests that the Clerk enter a default against the Defendant, CONEY ISLAND AUTO PARTS UNLIMITED, INC. ("Coney Island"), on the basis that the record in this case demonstrates that there has been a failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure. An affidavit of Plaintiff/Debtor's counsel in support of this request is attached hereto.

DATED: April 13, 2015.

Respectfully Submitted:

*/s/ William L. Norton, III*
William L. Norton, III (#10075)
Alexandra E. Dugan (#30420)
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, TN  37203
(615) 252-2397
(615)252-6397 (fax)
bnorton@babc.com
adugan@babc.com

*Attorneys for Vista-Pro Automotive, LLC*

# Exhibit 4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 14-09118 |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | Judge Mashburn |
| | ) | Chapter 11 |
| 22 Century Blvd., Suite 410 | ) | |
| Nashville, TN 37214 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. 15-90079 |
| v. | ) | |
| | ) | |
| **CONEY ISLAND AUTO PARTS** | ) | |
| **UNLIMITED, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

---

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: May 4, 2015**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: May 19, 2015 at 9:00 a.m., Courtroom 1, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee, 37203**

---

## NOTICE OF MOTION FOR DEFAULT JUDGMENT

Vista Pro Automotive, LLC (the "<u>Debtor</u>") seeks entry of a default judgment against Defendant CONEY ISLAND AUTO PARTS UNLIMITED, INC., in the above-referenced adversary proceeding.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to enter the attached order, or if you want the court to consider your views on the order, then on or before **May 4, 2015**, you or your attorney must:

1. File with the court your written response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTIONS YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE**

**COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT** https://ecf.tnmb.uscourts.gov.

      If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday – Friday, 8:00 a.m. – 4:00 p.m.).

      2.     Your response must state the deadline for filing responses, the date of the scheduled hearing, and the motion to which you are responding.

      3.     If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.*** You may check whether a timely response has been filed viewing the case on the Court's web site at <www.tnmb.uscourts.gov>.

      If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                         Respectfully Submitted:

Date: April 13, 2015

                         */s/ William L. Norton, III*
                         William L. Norton, III (#10075)
                         Alexandra E. Dugan (#30420)
                         Bradley Arant Boult Cummings LLP
                         1600 Division St., Suite 700
                         Nashville, TN 37203
                         (615) 252-2397
                         (615)252-6397 (fax)
                         bnorton@babc.com

                         *Attorneys for Vista-Pro Automotive, LLC*

7/3622090.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 14-09118 |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | Judge Mashburn |
| | ) | Chapter 11 |
| 22 Century Blvd., Suite 410 | ) | |
| Nashville, TN 37214 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. 15-90079 |
| v. | ) | |
| | ) | |
| **CONEY ISLAND AUTO PARTS** | ) | |
| **UNLIMITED, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

---

## MOTION FOR DEFAULT JUDGMENT

---

Comes now Plaintiff, Vista-Pro, LLC ("Vista-Pro") and, pursuant to Federal Rules of Civil Procedure 55(b), respectfully moves the Court for entry of a default judgment on its Complaint against Defendant, CONEY ISLAND AUTO PARTS UNLIMITED, INC., ("Coney Island"). In support of this Motion, Vista-Pro states as follows:

1. Vista-Pro filed its Complaint and the Summons was issued in this action. The Complaint and Summons were served on Coney Island on February 23, 2015, by delivery of a copy of the Complaint and Summons by U.S. mail at 2317 McDonald Ave., Brooklyn, New York 11233. The deadline for Coney Island to file an Answer to the Complaint has passed.

2.      To date, Coney Island has failed to answer or otherwise respond to the Complaint. Because Coney Island has failed to answer or otherwise respond to the Complaint, Vista-Pro is entitled to default judgment against Coney Island.

3.      As set forth in the Complaint and the attached Declaration of Karl Hamm in Support of Damages, the amount properly due and owing to Vista-Pro from Coney Island totals $48,696.21.

WHEREFORE, Vista-Pro would respectfully request entry of default judgment in its favor and against Coney Island, as follows:

1.      For a judgment against Defendant, Coney Island, in the amount of $48,696.21, plus pre-judgment interest through the date of entry of this judgment, plus post-judgment interest at the maximum rate allowed by law, plus Court costs and attorney's fees and expenses incurred post-Judgment attempting to collect the amounts owed by Coney Island to Vista-Pro; and

2.      For such other and further relief the Court deems just and appropriate.


DATED: April 13, 2015.

                                        Respectfully Submitted:

                                        */s/ William L. Norton, III*
                                        William L. Norton, III (#10075)
                                        Alexandra E. Dugan (#30420)
                                        Bradley Arant Boult Cummings LLP
                                        1600 Division St., Suite 700
                                        Nashville, TN  37203
                                        (615) 252-2397
                                        (615)252-6397 (fax)
                                        bnorton@babc.com
                                        adugan@babc.com

                                        *Attorneys for Vista-Pro, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 14-09118 |
| **VISTA PRO AUTOMOTIVE, LLC** | ) | Judge Mashburn |
| | ) | Chapter 11 |
| 22 Century Blvd., Suite 410 | ) | |
| Nashville, TN 37214 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | |
| | ) | Adv. Pro. 15-90079 |
| Plaintiff, | ) | |
| v. | ) | Hearing Date: May 19, 2015 |
| | ) | |
| **CONEY ISLAND AUTO PARTS** | ) | |
| **UNLIMITED, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This matter came before the Court on Plaintiff, Vista-Pro Automotive, LLC ("Vista-Pro")'s Motion for Default Judgment pursuant to Federal Rules of Civil Procedure 55(b) against Defendant CONEY ISLAND AUTO PARTS UNLIMITED, INC. ("Coney Island"). The Complaint and Summons were served on Coney Island on February 23, 2015. Coney Island has not filed an answer to the Complaint. Vista-Pro filed its Motion for Default with a hearing date of May 19, 2015.

No timely response to the Motion for Default has been filed. It appearing to the Court that Coney Island is in default, it is therefore ORDERED as follows:

1. Vista-Pro's Motion for Default Judgment is granted.

2. Vista-Pro is granted a final judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, against Coney Island for $48,696.21 and a per diem increase of $7.00 per day.

APPROVED FOR ENTRY:

/s/ *William L. Norton III*
William L. Norton, III (# 10075)
Alexandra E. Dugan (#30420)
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, Tennessee 37203
(615) 252-2397
(615) 252-6397 (fax)
bnorton@babc.com
adugan@babc.com

*Attorneys for Vista-Pro Automotive, LLC*

# Exhibit 5



Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 5/19/2015

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 14-09118 |
| **VISTA PRO AUTOMOTIVE, LLC** | ) | Judge Mashburn |
| | ) | Chapter 11 |
| 22 Century Blvd., Suite 410 | ) | |
| Nashville, TN 37214 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **VISTA-PRO AUTOMOTIVE, LLC** | ) | |
| | ) | Adv. Pro. 15-90079 |
| Plaintiff, | ) | |
| v. | ) | Hearing Date: May 19, 2015 |
| | ) | |
| **CONEY ISLAND AUTO PARTS** | ) | |
| **UNLIMITED, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

---

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

---

This matter came before the Court on Plaintiff, Vista-Pro Automotive, LLC ("Vista-Pro")'s Motion for Default Judgment pursuant to Federal Rules of Civil Procedure 55(b) against Defendant CONEY ISLAND AUTO PARTS UNLIMITED, INC. ("Coney Island"). The Complaint and Summons were served on Coney Island on February 23, 2015. Coney Island has not filed an answer to the Complaint. Vista-Pro filed its Motion for Default with a hearing date of May 19, 2015.

No timely response to the Motion for Default has been filed. It appearing to the Court that Coney Island is in default, it is therefore ORDERED as follows:

1.      Vista-Pro's Motion for Default Judgment is granted.

2. Vista-Pro is granted a final judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, against Coney Island for $48,696.21 and a per diem increase of $7.00 per day.

APPROVED FOR ENTRY:

/s/ *William L. Norton III*
William L. Norton, III (# 10075)
Alexandra E. Dugan (#30420)
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, Tennessee 37203
(615) 252-2397
(615) 252-6397 (fax)
bnorton@babc.com
adugan@babc.com

*Attorneys for Vista-Pro Automotive, LLC*

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# Exhibit 6

B2650 (Form 2650) (12/15)

# United States Bankruptcy Court

__MIDDLE__ District Of __TENNESSEE__

In re VISTA PRO AUTOMOTIVE, LLC _____,
                    Debtor

)
)
)
)
)
)
)
)
)
)

Case No. __14-09118__

Chapter __11__

VISTA-PRO AUTOMOTIVE, LLC _____,
                    Plaintiff

      v.
CONEY ISLAND AUTO PARTS UNLIMITED, INC. _____,
                    Defendant

Adv. Proc. No. __15-90079__

## CERTIFICATION OF JUDGMENT FOR
## REGISTRATION IN ANOTHER DISTRICT

     I, clerk of the United States Bankruptcy Court, do certify that the attached judgment is a true and correct copy of the original judgment entered in this proceeding on __July 22,2020__ as it appears in the records of this court, and that:
                                                        (date)

■   No notice of appeal from this judgment has been filed, and no motion of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, has been filed.

☐   No notice of appeal from this judgment has been filed, and any motions of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, have been disposed of, the latest order disposing of such a motion having been entered on _____.
                      (date)

☐   An appeal was taken from this judgment, and the judgment was affirmed by mandate of the _____ issued on _____.
         (name of court)                       (date)

☐   An appeal was taken from this judgment, and the appeal was dismissed by order entered on _____.
        (date)

_____
Clerk of the Bankruptcy Court

__July 22,2020__
Date

By: _Karin Wolfe_
      Chief   Deputy Clerk

# Exhibit 7

UNITED STATES BANKRUPCTY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VISTA-PRO AUTOMOTIVE, LLC, | |
| Plaintiff-Judgment-Creditor, | **INFORMATION SUBPOENA**<br>**WITH RESTRAINING NOTICE** |
| vs. | Index No. 20-0401 (CGM) |
| CONEY ISLAND AUTO PARTS UNLIMITED, | |
| Defendant-Judgment-Debtor. | ASSIGNED JUDGE: |

RE: **Coney Island Auto Parts Unlimited Inc.**

**THE PEOPLE OF THE STATE OF NEW YORK**

TO: **METROPOLITAN COMMERCIAL BANK**
**Attn: Compliance Department**
**99 Park Avenue, 4th Floor**
**New York, New York 10016**

    **WHEREAS**, in the above-captioned action between the parties listed above, a Judgment was entered on May 19, 2015 in favor of said Judgment-Creditor, and against Judgment Debtor Coney Island Auto Parts Unlimited Inc. in the sum of $48,696.21, together with interest thereon at the federal rate of .24%, in the United States Bankruptcy Court for the Middle District of Tennessee, Nashville Division, which Judgment has been transcribed to the United States Bankruptcy Court for the Southern District of New York, under BC No. 20, 0024, Case No, 20-0401 (CGM), and recorded in the Office of the County Clerk, Kings County on January 13, 2021, and there remaining due the entire amount of the Judgment.

    **NOW, THEREFORE WE COMMAND YOU**, that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying this Subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions within seven (7) days after your receipt of the questions and this Subpoena.

    **AND WHEREAS**, it appears that you are in possession or in custody of property in which the Judgment-Debtor has an interest, including, but not limited to any and all bank accounts, deposits, and/or depository accounts.

1

**TAKE NOTICE** that pursuant to subdivision (b) of § 5222 of the Civil Practice Law and Rules, which is set forth herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt, except as therein provided;

**TAKE FURTHER NOTICE** that pursuant to subdivision (b) of § 5222 of the Civil Practice Law and Rules, which is set forth herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt, except as therein provided.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) - Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

TAKE NOTICE THAT DISOBEDIENCE OF THIS RESTRAINING NOTICE OR FALSE SWEARING OR FAILURE TO COMPLY WITH THIS SUBPOENA MAY SUBJECT YOU TO FINE AND IMPRISONMENT FOR CONTEMPT OF COURT. NON-COMPLIANCE WITH THE INFORMATION SUBPOENA SHALL FIRST SUBJECT YOU TO THE PENALTIES UNDER CPLR 2308(b).

I hereby certify that this Information Subpoena complies with Rule 5224 of the Civil Practice Law and Rules and Section 601 of the General Business Law, and that I have a reasonable belief that Debtor that will assist the creditor in collecting the Judgment.

The ground(s) of this reasonable belief: it is the Judgment-Creditors belief that said party is a depository institution used by the Judgment-Debtor and there is a branch of the bank situated within a 4-mile radius of the business address of the Judgment-Debtor.

Dated: February 3, 2021

*s/David A. Blansky*
David A. Blansky, Esq.
A Partner of the Firm
LAMONICA HERBST & MANISCALCO, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793
Tel. (516) 826-6500
*Attorneys for Plaintiff-Judgment Creditor*

3

# Exhibit 8

Metropolitan Commercial Bank
99 Park Avenue
New York, NY 10016

212 659-0600
*facsimile* 212 659-0610
www.MetropolitanBankny.com



February 5, 2021

Coney Island Auto Parts Unlimited
2317 McDonald Avenue
Brooklyn, NY 11223-4737

Dear Isaac and Daniel Beyda,

This letter is to inform you that Metropolitan Commercial Bank received a restraining notice from The United States Bankruptcy Court, Southern District of New York on February 5, 2021. We placed a hold on your account for the amount of $97,392.42.

Enclosed is a copy of the restraining notice.

Should you have any questions, I may be reached at 212 – 659 – 0631.

Sincerely,

*Luz Flores*

AVP Operations

# Exhibit 9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

VISTA-PRO AUTOMOTIVE, LLC,　　　　.　Case No. 20-00401-cgm
　　　　　　　　　　　　　　　　　.
　　　　　　　　　Plaintiff,　　　.
　　　v.　　　　　　　　　　　　.　One Bowling Green
　　　　　　　　　　　　　　　　　.　New York, NY 10004-1408
CONEY ISLAND AUTO PARTS　　　　　.
UNLIMITED, INC.,　　　　　　　　　.
　　　　　　　　　　　　　　　　　.　Thursday, October 7, 2021
　　　　　　　　　Defendant.　　　.　9:00 a.m.
. . . . . . . . . . . . . . . . . .

TRANSCRIPT OF MOTION TO VACATE DEFAULT JUDGMENT FILED BY DANIEL
GINZBURG ON BEHALF OF CONEY ISLAND AUTO PARTS UNLIMITED INC.
WITH HEARING TO BE HELD ON 10/7/2021 AT 09:00 AM AT
VIDEOCONFERENCE (ZOOMGOV) RESPONSES DUE BY 9/30/2021
(ATTACHMENTS: #1 DECLARATION OF DANIEL BEYDA, WITH EXHIBIT A
#2 DECLARATION OF DANIEL GINZBURG, WITH EXHIBITS 1-8
#3 PROPOSED ORDER #4 CERTIFICATE OF SERVICE) [5];
OBJECTION TO MOTION/CHAPTER 7 TRUSTEE'S OBJECTION TO
DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT ENTERED IN THE
U.S. BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
(RELATED DOCUMENT(S) 5) FILED BY WENDY JILL ROTHSTEIN ON BEHALF
OF JEANNE ANN BURTON WITH HEARING TO BE HELD ON 10/7/2021
(CHECK WITH COURT FOR LOCATION) (ATTACHMENTS: #1 EXHIBIT A -
AFFIDAVIT OF PHILLIP YOUNG, ESQ.) [7];
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO
VACATE DEFAULT JUDGMENT (RELATED DOCUMENT(S) 5)
FILED BY DANIEL GINZBURG ON BEHALF OF CONEY ISLAND
AUTO PARTS UNLIMITED, INC. [9]
**BEFORE THE HONORABLE CECELIA G. MORRIS (VIA TELECONFERENCE)**
**UNITED STATES BANKRUPTCY COURT JUDGE**


APPEARANCES CONTINUED.


Audio Operator:　　　　　　Courtroom ECRO Personnel


Transcription Company:　　Access Transcripts, LLC
　　　　　　　　　　　　　517 Dell Road
　　　　　　　　　　　　　Landing, NJ 07850
　　　　　　　　　　　　　(855) 873-2223
　　　　　　　　　　　　　www.accesstranscripts.com


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

TELEPHONIC APPEARANCES (Continued):

For Jeanne Ann Burton:     LaMonica Herbst & Maniscalco, LLP
                           By:  DAVID A. BLANSKY, ESQ.
                           3305 Jerusalem Avenue, Suite 201
                           Wantagh, NY 11793
                           (516) 826-6500

For Coney Island Auto      The Ginzburg Law Firm, P.C.
Parts Unlimited, Inc.:     By:  DANIEL GINZBURG, ESQ.
                           151 Highway 516, Unit 736
                           Old Bridge, NJ 08857
                           (732) 284-3841

1    (Proceedings commence)

2          THE COURT:  Good morning.

3          UNIDENTIFIED:  Good morning.

4          MR. BLANSKY:  Morning, Your Honor.

5          THE COURT:  Case Number 20-00401, <u>Vista-Pro</u>

6    <u>Automotive LLC v. Coney Island Auto Parts Limited, Inc.</u>

7                State your name and affiliation.

8          MR. BLANSKY:  Good morning, Your Honor.  Davis

9    Blansky, Lamonica Herbst & Maniscalco, appearing on behalf of

10   the respondent with respect to the motion that would be for the

11   trustee of the <u>Vista-Pro</u> case out of Tennessee.

12         THE COURT:  Is Mr. Ginzburg on the phone?  Mr. Daniel

13   Ginzburg?

14         MR. GINZBURG:  Yes.  Good morning, Your Honor.

15   Daniel Ginzburg of the Ginzburg Law Firm on behalf of the

16   movant and defendant/judgment debtor, Coney Island Auto Parts

17   Unlimited, Inc.

18         THE COURT:  Okay.  This is a -- it was an involuntary

19   case, and it's in the Middle District of Tennessee, and it is

20   an ongoing case, correct?

21         MR. GINZBURG:  No, Your Honor.  It's not ongoing.  I

22   think the adversary proceeding was closed once the judgment was

23   entered.

24         THE COURT:  Okay.  Okay.  I think I have the

25   background on it.  Do you want to wish to add anything,

1  Mr. Ginzburg?

2          MR. GINZBURG:  No, Your Honor.  If the Court has the

3  briefing, I had the last word by way of the reply brief, so I

4  don't have much to add other than what's already on the papers.

5          THE COURT:  And Mr. Blansky?

6          MR. BLANSKY:  Good morning, Your Honor.  I know

7  you're familiar with the papers.  Your Honor, (indiscernible)

8  Mr. Ginzburg (indiscernible) final word.  Obviously, we -- the

9  trustee has disputed the inadequacy of the service, and we

10  otherwise would rely on the arguments stated before the Court

11  in the submissions.

12          THE COURT:  Okay.  Bankruptcy Rule 9024 makes Rule 60

13  of the Federal Rules of Procedure applicable in bankruptcy

14  court, and Coney Island seeks relief under 60(b)(4).  Rule

15  60(b)(4) provides that the court may relieve a party, or its

16  legal representative, from a final judgment order or proceeding

17  if the judgment is void.  And there's no time limit to attack a

18  void judgment, and that's under 11 Federal Practice and

19  Procedure, Wright & Miller, at 2862 (2021).

20          Coney Island argues that it was improperly served

21  with summons and complaint, thus the Middle District of

22  Tennessee lacked personal jurisdiction over it, rendering the

23  Tennessee judgment void.

24  **"Before a federal court may exercise personal jurisdiction

25  over a defendant, the procedural requirement of service of

1  summons must be satisfied." Omni Capital International v.

2  Rudolph Wolff & Co., 484 U.S. 97 (1987).

3  *"A judgment entered against parties not subject to the

4  personal jurisdiction of the rendering court is a nullity."

5  Covington Industries v. Resintex A.G., 629 F.2d 730 (2d. Cir.)

6       Coney Island argues this Court must void the

7  Tennessee judgment for lack of personal jurisdiction.  Coney

8  Island argues that the certificate of service attached to the

9  adversary complaint shows that Coney Island was not served

10 attention to an officer, as required under Federal Rules of

11 Bankruptcy Procedure 7004(b)(3).

12      In this case, the Court believes it's more

13 appropriate for Coney Island to present its case before the

14 bankruptcy court in Tennessee.  Under 11 U.S.C. 16 1963, a

15 final judgment for recovery or money or property may be

16 registered in any district in the United States by filing a

17 certified copy in the other district, and that's Colliers on

18 Bankruptcy at Section 7069.02.

19      Vista-Pro has registered its Tennessee judgment in

20 the Southern District of New York.  Under Rule 60(b), Coney

21 Island seeks relief from the Tennessee judgment in this court.

22 A Rule 60(b) motion is generally brought in the district court

23 rendering judgment.  Covington Industries Inc. v. Resintex

24 A.G., 629 F.2d 730 (2d. Cir. 1980).

25      The Bankruptcy Court for the Middle District of

1  Tennessee is the court that rendered the judgment.  In
2  Covington, the Second Circuit held that it was proper for a
3  district court in the Southern District of New York to void a
4  judgment rendered by a district court in the Central District
5  of California when only personal jurisdiction was at issue.
6  This Court has not been provided with case law that authorizes
7  a bankruptcy court to void a foreign bankruptcy court's
8  judgment, and this Court declines to do so.

9        The debtor's Chapter 7 --  I thought the debtor's
10 Chapter 7 bankruptcy remains open in the Middle District of
11 Tennessee.  It was a -- an 11, an involuntary 11, but I
12 understood that there was a Chapter 7 trustee marshaling assets
13 into a Chapter 7 case.

14        MR. BLANSKY:  Your Honor, it's David Blansky.  Yes.
15 (Indiscernible) essentially local counsel to that bankruptcy
16 trustee.  This is obviously one of the assets being marshaled
17 by that trustee.

18        THE COURT:  Exactly. So Coney Island needs to go back
19 to Tennessee.  The trustee's litigation with Coney Island will
20 potentially enlarge the assets available to the debtor's
21 creditors.  That adversary was filed in Tennessee.  Judge
22 Mashburn granted motions to compel in relation to the entry of
23 the default.  Coney Island may be successful in vacating that
24 default.  From the papers submitted to this Court, it seems to
25 appear that Coney Island was not served attention to the

1  officer.  The Court, though, in its discretion, believes Coney

2  Island's recourse lives -- lies in Tennessee.  Again,

3  11 Federal Practice and Procedure 2787, "Regardless of the

4  power of the registration court to act, it has been thought

5  desirable as a matter of comity to require the moving party to

6  seek relief from the court in which the judgment originally was

7  rendered."

8          So I'm going to deny Coney Island's motion, and

9  Chapter 7 trustee submit an order.  I understand it's not over,

10 but it belongs in Tennessee, not here.

11          MR. BLANSKY:  I will do so, Your Honor.  Thank you.

12          MR. GINZBURG:  Thank you, Your Honor.

13          THE COURT:  Thank you.

14      (Proceedings concluded)

15                        * * * * *

16

17

18

19

20

21

22

23

24

25

1 **C E R T I F I C A T I O N**

2

3          I, Alicia Jarrett, court-approved transcriber, hereby

4 certify that the foregoing is a correct transcript from the

5 official electronic sound recording of the proceedings in the

6 above-entitled matter, and to the best of my ability.

7

8

9

10 _____

11 ALICIA JARRETT, AAERT NO. 428     DATE:  October 20, 2021

12 ACCESS TRANSCRIPTS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 10

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
VISTA-PRO AUTOMOTIVE. LLC,

                        Plaintiff- Judgment Creditor,              Chapter 7

        -against-                                                 Case No. 20-00401 (CGM)

CONEY ISLAND AUTO PARTS UNLIMITED, INC.,

                        Defendant- Judgment Debtor.
-----------------------------------------------------------------------x

### ORDER DENYING DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

Upon the notice of motion and motion [ECF Nos. 5 and 6] (the "Motion") of defendant Coney Island Auto Parts Unlimited, Inc. (the "Defendant"), seeking entry of an order vacating default judgment entered against it in the United States Bankruptcy Court for the Middle District of Tennessee (the "Tennessee Judgment"); and upon the objection of Jean Ann Burton, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Vista-Pro Automotive to the Motion [ECF No. 7] (the "Objection"); and upon the Defendant's Reply in Further Support of its Motion to Vacate the Tennessee Judgment [ECF No. 9] (the "Reply"); and upon the hearing held before this Court on October 7, 2021 (the "Hearing") in connection with the Motion, the Objection and the Reply; and Daniel Ginzburg, Esq., of The Ginzburg Law Firm, P.C., having appeared at the Hearing on behalf of the Defendant in support of the relief sought in the Motion and the Reply;

and David A. Blansky, Esq., of LaMonica Herbst & Maniscalco, LLP, having appeared at the Hearing on behalf of the Trustee in support of the Objection; and upon due deliberation and consideration of the facts and circumstances relevant to the matter; and upon the record at the Hearing, the transcript of which is incorporated herein by reference; and no additional notice being necessary or required; it is hereby

**ORDERED**, that the Motion is denied for the reasons stated on the record at the Hearing.

/s/ Cecelia G. Morris

_____

**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

**Dated: October 12, 2021**
**Poughkeepsie, New York**



# Exhibit 11

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
VISTA-PRO AUTOMOTIVE. LLC,

                  Plaintiff- Judgment Creditor,            Chapter 7

    -against-                                  Case No. 20-00401 (CGM)

CONEY ISLAND AUTO PARTS UNLIMITED, INC.,

                  Defendant- Judgment Debtor.
-----------------------------------------------------------------------x

## **SATISFACTION OF JUDGMENT**

WHEREAS, on May 19, 2015, a judgment ("Judgment") was entered against Defendant and in favor of Plaintiff by the Bankruptcy Court for the Middle District of Tennessee, Nashville Division, in the sum of $48,616.21, plus interest of $7.00 per day, which Judgment was registered in the United States Bankruptcy Court for the Southern District of New York, under BC No. 20, 0024, Case No, 20-0401 (CGM) on October 13, 2020, and recorded in the Office of the County Clerk, Kings County on January 13, 2021; and

WHEREAS, on or about October 28, 2021, a Property Execution with Notice to Garnishee was served on Metropolitan Commercial Bank by the Marshal of the City of New York; and

WHEREAS, a sum sufficient to satisfy the Judgment was seized by the Marshal of the City of New York in satisfaction of the Judgment.

THEREFORE, satisfaction of the Judgment as against Defendant CONEY ISLAND AUTO PARTS UNLIMITED, INC. is hereby acknowledged, and the Clerk of any court in which the Judgment was entered or recorded is hereby authorized and directed to make an entry of full satisfaction of the Judgment as against Defendant CONEY ISLAND AUTO PARTS UNLIMITED, INC.

Dated: December 6, 2021
      Wantagh, New York

                    **LaMONICA HERBST & MANISCALCO, LLP**
                    *Attorneys to Plaintiff Vista-Pro Automotive, LLC*

By:    **_s/David A. Blansky_**
        David A. Blansky, Esq.
        A Partner of the Firm
        3305 Jerusalem Avenue, Suite 201
        Wantagh, New York 11793
        Telephone: (516) 826-6500

STATE OF NEW YORK    )
                        ) ss:
COUNTY OF NASSAU    )

On the 6th day of December in the year 2021 before me, the undersigned, personally appeared David A. Blansky, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they/ executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

                    **_s/Melanie A. FitzGerald_**
                    Melanie A. FitzGerald
                    Notary Public, State of New York
                    No. 02FI4841188
                    Qualified in Nassau County
                    Commission Expires December 31, 2025

# Exhibit 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VISTA-PRO AUTOMOTIVE, LLC,

                        Plaintiff-Judgment-
                        Creditor and Appellee,

       -v-

CONEY ISLAND AUTO PARTS UNLIMITED, INC.,

                        Defendant-Judgment-
                        Debtor and Appellant.

21 Civ. 8906 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      This appeal is from an order by the United States Bankruptcy Court for this District (the "New York Bankruptcy Court") denying, on comity grounds, a motion by appellant Coney Island Auto Parts Unlimited, Inc. ("Coney Island") to vacate a default judgment order entered by a different court—the United States Bankruptcy Court for the Middle District of Tennessee (the "Tennessee Bankruptcy Court"). On appeal, Coney Island argues that it was error for the New York Bankruptcy Court (1) not to grant the motion to vacate and (2) to do so on a ground that had not been briefed or argued. Appellee Vista-Pro Automotive, LLC ("Vista") defends the order. For the reasons below, the Court affirms the order.

## I.    Factual and Procedural Background

      On November 17, 2014, an involuntary bankruptcy petition against Vista was filed under Chapter 7 of the Bankruptcy Code in the Tennessee Bankruptcy Court. Dkt. 17 at 5. On February 11, 2015, Vista commenced an adversary proceeding against Coney Island in that

court,[1] seeking unpaid invoices totaling $48,696.91, plus reasonable attorney's fees and

expenses. *See* Dkt. 6 ("Ginzburg Decl."), Ex. 1.  On February 23, 2015, Vista served Coney

Island by sending, via first class regular mail, a copy of the summons and complaint, to:

> Coney Island Auto Parts Unltd., Inc.
> 2317 McDonald Ave.
> Brooklyn, NY 11223.

*Id.*, Ex. 2.  On May 19, 2015—with Coney Island having not appeared before the Tennessee

Bankruptcy Court—the Hon. Randal S. Mashburn, United States Bankruptcy Judge, entered a

default judgment against it in the amount of $48,696.21, plus $7 per diem.  *Id.*, Ex. 5 (the

"Judgment").

More than five years later, on July 22, 2020, Vista registered the Judgment in the New

York Bankruptcy Court.  *Id.*, Ex. 6.  On January 13, 2021, Vista recorded the Judgment in the

Office of the County Clerk in Kings County.  *Id.*, Ex. 7.  On February 3, 2021, Vista served

Coney Island's bank, Metropolitan Commercial Bank ("Met Bank"), with an information

subpoena and restraining notice.  *Id.*  On February 5, 2021, Met Bank notified Coney Island that

it had received the restraining notice and placed a hold on its account in the amount of

$97,392.42.  *Id.*, Ex. 8.

On September 23, 2021, Coney Island filed a motion in the New York Bankruptcy Court

seeking vacatur of the Judgment entered by the Tennessee Bankruptcy Court.  Coney Island

argued that (1) it had already paid the invoices at issue in the adversary proceeding; and (2)

---

[1] "An adversary proceeding is essentially a self-contained trial—still within the original
bankruptcy case—in which a panoply of additional procedures apply." *In re Denby-Peterson*,
941 F.3d 115, 129 n.71 (3d Cir. 2019) (quotation omitted); *see also Cohen v. Bucci*, 905 F.2d
1111, 1112 (7th Cir. 1990) (Easterbrook, J.) ("Adversary proceedings in bankruptcy are not
distinct pieces of litigation; they are components of a single bankruptcy case.").

service in the adversary proceeding had been improper as it did not comply with Bankruptcy

Rule 7004(b)(3)'s requirement that service upon a corporation via first class mail be to the

attention of a corporate officer.[2]  On September 30, 2021, Vista opposed Coney Island's motion.

On October 4, 2021, Coney Island replied.

On October 7, 2021, the Hon. Cecelia G. Morris, United States Bankruptcy Judge—and

at the time the court's Chief Judge—held a hearing on Coney Island's motion.  She determined

that the decision whether to vacate the Judgment should be made by the court that had issued

it—the Tennessee Bankruptcy Court.  She explained:

> [T]he debtor's Chapter 7 bankruptcy remains open in the Middle District of
> Tennessee. . . . Coney Island needs to go back to Tennessee.  The trustee's litigation
> with Coney Island will potentially enlarge the assets available to the debtor's
> creditors.  That adversary [proceeding] was filed in Tennessee.  Judge Mashburn
> granted motions to compel in relation to the entry of the default.  Coney Island may
> be successful in vacating that default.  From the papers submitted to this Court, it
> seems to appear that Coney Island was not served attention to the officer.  The
> Court, though, in its discretion, believes Coney Island's recourse . . . lies in
> Tennessee.  Again, [quoting] 11 Federal Practice and Procedure [Section] 2787,
> "Regardless of the power of the registration court to act, it has been thought
> desirable as a matter of comity to require the moving party to seek relief from the
> court in which the judgment originally was rendered."  So I'm going to deny Coney
> Island's motion[.] . . . I understand it's not over, but it belongs in Tennessee, not
> here.

Dkt. 8, Ex. 1 (Transcript, or "Tr."), at 6–7.  On October 12, 2021, Chief Judge Morris entered an

order formally denying the motion, for the reasons she had given at the hearing.  *Id.*, Ex. 2.

---

[2] *See Beneficial Cal., Inc. v. Villar (In re Villar)*, 317 B.R. 88, 93 (Bankr. 9th Cir. 2004)
("[N]ationwide service of process by first class mail is a rare privilege which should not be
abused . . . . [T]hus, the service has to be made to a specifically named officer.  Accordingly,
service on corporation was insufficient under the plain words of Rule 7004(b)(3) when it failed
to specify a person or even an office."); *Savage & Assocs., P.C. v. 1201 Owner Corp. (In re
Teligent, Inc.)*, 485 B.R. 62, 68 (Bankr. S.D.N.Y. 2013) ("[S]ervice not directed to the attention
of anybody in particular is not sufficient.") (citation omitted).

On October 18, 2021, Coney Island filed a notice of appeal in the New York Bankruptcy Court. On October 28, 2021, the Marshal of the City of New York ("New York Marshal") served Met Bank a Property Execution with Notice to Garnishee, effectively ordering it to satisfy the Judgment. Dkt. 14 ("Blansky Decl."), Ex. B. On October 29, 2021, Coney Island filed a notice of appeal in this Court. Dkt. 1.

On November 12, 2021, Coney Island filed its opening brief. Dkt. 5 ("Mot."). On December 20, 2021, Vista filed its opposition brief. Dkt. 15 ("Opp."). On January 7, 2022, Coney Island filed its reply. Dkt. 16 ("Reply").

Coney Island did not move to stay satisfaction of the Judgment pending its appeal. On December 6, 2021, while its appeal to this Court was being briefed, the New York Marshal seized from Met Bank a sum sufficient to satisfy the Judgment. Blansky Decl., Ex. C.

## II.    Standard of Review

"District courts review the legal conclusions of the Bankruptcy Court *de novo*, and its findings of fact under the clearly erroneous standard." *In re AMR Corp.*, 610 B.R. 434, 444 (S.D.N.Y. 2019) (internal quotation and alterations omitted). "Matters left to the court's discretion are reviewed for abuse of discretion." *In re Adelphia Commc'ns Corp.*, 342 B.R. 122, 126 (S.D.N.Y. 2006) (internal citation omitted).

## III.    Discussion

### A.    Mootness

At the threshold, Vista argues that this appeal is moot because the Judgment has been satisfied. *See* Opp. at 8, 11–12; Blansky Decl., Ex. C ("[A] sum sufficient to satisfy the Judgment was seized by the Marshal of the City of New York in satisfaction of the Judgment."). Its premise is that satisfaction of the Judgment is a "comprehensive change in circumstance"

which "cannot be unwound." Opp. at 12; *see In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993) (appeal should be dismissed as moot when "events occur that would prevent the appellate court from fashioning effective relief" or where "implementation of . . . relief would be inequitable"). Vista is mistaken.

Generally, when a party seeks restitution of funds collected from it pursuant to an invalid judgment, "the baseline rule in this Circuit is that 'a party against whom an erroneous judgment or decree has been carried into effect is entitled, in the event of a reversal, to be restored by his adversary to that which he has lost thereby.'" *Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 145 (2d Cir. 2019) (quoting *LiButti v. United States*, 178 F.3d 114, 120 (2d Cir. 1999)); *see also In re Lozito*, 43 F. Supp. 149, 153 (E.D.N.Y. 1941) (in bankruptcy case, finding that restitution should be made where the grounds for order pursuant to which funds had been paid no longer applied); *see generally* Restatement (First) of Restitution § 74 cmt. a ("The reversing tribunal can itself direct restitution either with or without conditions, or the tribunal which is reversed can on motion or upon its own initiative direct that restitution be made."). Whether a party "is entitled to [this] equitable remedy of restitution is a discretionary matter for a trial court." *LiButti*, 178 F.3d at 121.

Vista does not point to any authority barring courts from exercising such discretion in the context of Chapter 7 bankruptcy proceedings. To be sure, in some circumstances, equitable considerations have been held to justify dismissal of an appeal. *See, e.g.*, *In re Chateaugay Corp.*, 988 F.2d at 326 (in bankruptcy reorganization matter, upholding dismissal, on equitable mootness grounds, of challenge to order requiring funds to be disbursed, where payments had been "key component" of a settlement agreement, and the payments had already been issued to "faultless beneficiaries who are not parties to th[e] appeal" and had "presumably used the

[payments] they . . . received to meet their living expenses"). Here, however, the equities do not favor terminating at the jump Coney Island's challenge to the default judgment. Vista's only argument for doing so is the incorrect one that, categorically, a court may not award restitution of funds paid out on a judgment that is later held void. *See* Opp. at 12. And in contrast to *In re Chateaugay Corp.*, where the funds had been disbursed to third parties who had likely spent the money, the funds of Coney Island's that are at issue here been have disbursed to a party (Vista) from which they can presumably be readily reclaimed. The Court therefore declines to dismiss the appeal as equitably moot.

### B.  The New York Bankruptcy Court's Decision to Abstain

The Court next turns to the New York Bankruptcy Court's decision to decline to resolve Coney Island's motion to vacate, in deference to its Tennessee counterpart.

The parties agree that the New York Bankruptcy Court *could* have reached the merits of that motion. The Judgment was registered in the New York Bankruptcy Court. *See* Mot. at 8 (citing James Moore, 7 MOORE'S FEDERAL PRACTICE ¶ 60.28 (2d ed. 1979) ("[B]y registering the judgment in a particular forum the creditor seeks to utilize the enforcement machinery of that district court[, and] it is not unreasonable to hold that the latter court has the power to determine whether relief should be granted the judgment debtor under [Rule] 60(b).")); Opp. at 15. And, as Coney Island points out, ample caselaw authorizes courts of competent jurisdiction to vacate default judgments entered by foreign bankruptcy courts. *See, e.g.*, *In re Blutrich Herman & Miller*, 227 B.R. 53, 57 (Bankr. S.D.N.Y. 1998) ("If the Court rendering the challenged judgment never had jurisdiction over the person of the defendant or the *res* of the action, any such judgment is void and, therefore, subject to collateral attack. That attack may be made in any proceeding in any Court where the validity of the judgment comes in issue.") (quotation

omitted) (citing cases); *see also Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir. 1980) (in context of Rule 60(b) motion for relief from default judgment, "the court of registration . . . seems as qualified to determine the jurisdiction of the rendering court, particularly when the latter is a federal court of coordinate authority").[3]

The parties also appear to agree that the decision whether to defer on Coney Island's motion to vacate the default judgment, in deference to the court which had entered that judgment (the Tennessee Bankruptcy Court), was subject to an abuse of discretion standard. *See U.S. for Use & Benefit of Mosher Steel Co. v. Fluor Corp.*, 436 F.2d 383, 385 (2d Cir. 1970) ("*Mosher Steel*") ("Few would argue, however, that the court of registration lacks discretion in appropriate circumstances to refer the parties to the court which rendered judgment."); *Allstate Life Ins. Co. v. Linter Grp. Ltd.*, 994 F.2d 996, 999 (2d Cir. 1993) ("[S]ince the extension or denial of comity is within the court's discretion, we will reverse the court's decision only when we find an abuse of discretion.").

Coney Island, however, argues that Chief Judge Morris abused her discretion in doing so. Its argument to this effect largely consists of its merits argument as to why the default judgment was defective, warranting vacatur. As to the decision to abstain from reaching those merits arguments in favor of the Tennessee Bankruptcy Court, Coney Island emphasizes that that decision may increase the parties' litigation costs and delay resolution of its challenge.

Those arguments are unpersuasive. Chief Judge Morris was well within her discretion to leave resolution of Coney Island's challenge to the Tennessee Bankruptcy Court, which had

---

[3] Chief Judge Morris reserved judgment on whether she had authority to vacate the Judgment. *See* Tr. at 6 (distinguishing *Covington* and noting that the parties had failed to identify caselaw giving bankruptcy courts, as opposed to district courts, authority to vacate default judgments entered by foreign bankruptcy courts). The Court assumes *arguendo* that the New York Bankruptcy Court had this authority.

issued the default judgment. In exercising its discretion not to resolve the motion, she invoked a fundamental principle of comity often invoked in this context—that "[r]egardless of the power of the registration court to act, it has been thought desirable . . . to require the moving party to seek relief from the court in which the judgment originally was rendered." Tr. at 7 (quoting 11 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2787 (3d ed. 2002)).

Chief Judge Morris's decision was all the more sensible because resolution of the motion to vacate the default judgment had the potential to affect Vista's ongoing bankruptcy proceeding in Tennessee. *See id.* at 6 (confirming with counsel that the "Chapter 7 trustee [is] marshalling assets into [the main] Chapter 7 case" and stating that the "trustee's litigation with Coney Island will potentially enlarge the assets available").[4] The decision thus had a solid footing in precedent and reason. *See Mosher Steel*, 436 F.2d at 385; *Segal v. Trans World Airlines, Inc.*, 63 F. Supp. 2d 373, 381 (S.D.N.Y. 1999) (dismissing Rule 60(b) motion to vacate without prejudice to plaintiff's right to bring issue before bankruptcy court that had issued order); *Coleman v. Patterson*, 57 F.R.D. 146 (S.D.N.Y. 1972) (similar).

Coney Island's argument why Chief Judge Morris should have resolved its challenge to the default judgment is, first, that lateraling that issue to the Tennessee Bankruptcy Court will cost the parties time and litigation expense, and, second, that insofar as Tennessee Bankruptcy Court had "no particular or prolonged history with this case," there are no institutional efficiencies to its resolving the motion. Mot. at 13–14. But these critiques, although responsible,

---

[4] Coney Island suggests that Chief Judge Morris erroneously conflated the adversary proceeding and the main proceeding. *See* Mot. at 12–13. This is mistaken. Fairly read, her bench ruling merely noted that the adversary proceeding's resolution had potential implications for Vista's Chapter 7 proceeding, a point that was clearly correct.

do not make the decision to forbear an abuse of discretion. Concerns regarding the time and cost

are mitigated by the straightforwardness of the issue, which appears to turn on a seemingly

simple application of a bankruptcy Rule of national applicability.[5] *See* Tr. at 6–7 ("From the

papers submitted to this Court, it seems to appear that Coney Island was not served attention to

the officer."). Moreover, with the Tennessee Bankruptcy Court's having entered the default

judgment, Chief Judge Morris could reasonably have concluded that its prior engagement with

Coney Island's circumstances gave it a leg up in resolving its present challenge. *See id.* at 6

("Judge Mashburn granted motions to compel in relation to the entry of the default."). And even

if no efficiencies stood to be gained, Chief Judge Morris could reasonably have concluded, as

she articulated, that respect to the sister court which had entered the judgment under attack was

of institutional value that counseled deference. Institutional values are routinely held to be valid

grounds for a court's exercise of discretion, including whether to abstain in deference to a sister

court. *See, e.g.*, *In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002) ("Permissive

abstention can be warranted 'in the interest of justice, or in the interest of comity with State

courts or respect for State law.'") (quoting 28 U.S.C. § 1334(c)(1)); *Osuji v. Fed. Nat'l Mortg.

Ass'n*, 571 B.R. 518, 521 (E.D.N.Y. 2017) (affirming bankruptcy court's decision to exercise

discretion to abstain from deciding bankruptcy adversary proceeding); *Universal Well Servs.,

Inc. v. Avoco Nat. Gas Storage*, 222 B.R. 26, 32 (W.D.N.Y. 1998) (exercising discretion to

abstain from deciding bankruptcy matter and remanding to state court to address merits); *cf. In re

Facebook, Inc., Initial Pub. Offering Derivative Litig.*, 797 F.3d 148, 158 (2d Cir. 2015)

(affirming district court's exercise of discretion in refraining from reaching novel and complex

---

[5] Federal Rule of Bankruptcy Procedure 7004(b)(3) provides: "[S]ervice may be made within the United States by first class mail postage . . . by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent."

question of subject matter jurisdiction where threshold standing issue was dispositive); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (affirming district court's exercise of discretion in dismissing with prejudice "shotgun pleading," on ground that such pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts") (cleaned up); *see also generally In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) ("It is well established that district courts possess the 'inherent power' and responsibility to manage their dockets 'so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).[6]

Coney Island is thus simply wrong that Chief Judge Morris's decision not to reach the merits of the motion to vacate, based on comity and respect for a sister court, was outside "the range of permissible decisions." Mot. at 12 (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).[7] Her decision was well within her considerable discretion.

## C.    The Decision to Issue the Order *Sua Sponte*

In a separate argument largely developed in its reply brief, Coney Island faults the New York Bankruptcy Court for denying its motion to vacate based on principles of comity, without seeking the parties' input. Although conceding that courts are authorized to raise issues *sua sponte*, Coney Island argues that Chief Judge Morris erred in ruling from the bench on its motion

---

[6] In any event, at this juncture, with the matter on appeal, there are no judicial efficiencies to be gained in having the New York Bankruptcy Court—which specifically declined to grapple with the underlying facts or merits arguments—decide the issue.

[7] The parties' briefs debate issues relate to the merits of the motion to vacate, including whether Coney Island (1) was properly served in the Tennessee Bankruptcy Court; and (2) in fact paid the invoices Vista sought in the adversary proceeding. Because the Court affirms the ruling below, the Court, like Chief Judge Morris, does not have occasion to reach these issues.

on a ground that the parties had not raised, without first giving them an opportunity to be heard. Reply at 5 (citing *Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 189 n.2 (2d Cir. 2001)).

Although Coney Island's critique that hearing it out before ruling on this ground would have been preferable is not without some force, in the context here, Chief Judge Morris's lack of consultation as to considerations of comity did not make her decision unlawful. As Chief Judge Morris articulated the point, the Tennessee Bankruptcy Court, where the Chapter 7 proceeding against Vista remained open, was the obvious forum to hear a challenge to a default judgment that that court had entered. Coney Island had not articulated why it had eschewed the natural forum for such a challenge. And, critically, Chief Judge Morris's decision did not deny Coney Island relief—it merely deflected its bid to a sister court. *See* Tr. at 7 ("I understand it's not over, but it belongs in Tennessee, not here."). Notably, the primary case on which Coney Island relies for its criticism of a *sua sponte* bench decision, *Digitel, Inc.*, affirmed the lower court's judgment, even as it (gently) expressed disapproval of the practice. *See* 239 F.3d at 189 n.2 ("With great respect to the busy district court, we note that such lack of notice—even when the court has authority to act *sua sponte*—is to be avoided."). And the other cases Coney Island cites involving denial of the right to be heard are factually far afield, with far more at stake than the question here of which forum would decide a challenge to a commercial default judgment. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (*sua sponte* dismissal of state prisoner's habeas petition); *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 760 F.2d 1347, 1365 (2d Cir. 1985) (*sua sponte* dismissal of complaint for failure to state a claim).[8]

---

[8] Coney Island's argument that *Vista*'s right to be heard was also infringed by the bench ruling falls flat, because Vista urges affirmance of that ruling.

## CONCLUSION

For the foregoing reasons, the Court affirms the New York Bankruptcy Court's October 12, 2021 order denying Coney Island's motion to vacate.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 21, 2022
      New York, New York