IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **VISTA PRO AUTOMOTIVE, LLC,** | ) | Case No. 14-09118 |
| | ) | Judge Mashburn |
| Debtor. | ) | Chapter 7 |
| | ) | |
| **VISTA PRO AUTOMOTIVE, LLC** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. 15-90079 |
| | ) | |
| **CONEY ISLAND AUTO PARTS** | ) | |
| **UNLIMITED, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## TRUSTEE'S OBJECTION TO DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

Comes now Jeanne Ann Burton, chapter 7 trustee and plaintiff herein ("Trustee"), and hereby files this objection (the "Objection") to the Defendant's Motion Pursuant to Federal Bankruptcy Rule of Procedure 9024 and Rules of Civil Procedure 60(b)(4) and 55(c) to Vacate Default Judgment (Doc. 46) and the Memorandum of Law in support thereof (Doc. 47) (collectively, the "Motion to Vacate"). In support of her Objection, the Trustee states as follows:

## FACTS

The Defendant asks this Court for relief, pursuant to Rule 60, from a Default Judgment that is now seven (7) years old and that it knowingly ignored for at least six (6) years. The Trustee submits that this Court should not allow a judgment debtor to sleep on its rights for over half a decade and subsequently beg for relief due to an alleged technicality.

An involuntary bankruptcy petition was filed in this Court against Vista-Pro Automotive, LLC (the "Debtor") on November 17, 2014. Main Case Doc. 1. On December 16, 2014, an Agreed Order of Relief was entered which converted this case to one under Chapter 11. Main Case Doc. No. 29. The case was eventually converted to one under Chapter 7, and the Trustee was appointed to serve as Chapter 7 trustee. Main Case Doc. 376.

Before the case was converted to Chapter 7, the Debtor instituted a number of adversary proceedings related to this case. One of those adversary proceedings was instituted against Coney Island Auto Parts Unlimited, Inc. (the "Defendant"), Case No. 3:15-ap-90070. The Complaint filed against the Defendant on February 11, 2015 alleged that the Defendant owed the Debtor $48,696.21 in unpaid accounts receivable. AP Doc. 1. The Complaint attached a printout of all outstanding accounts receivable owed by the Defendant to the Debtor. Id. According to the Certificate of Service filed by the Debtor's counsel, the summons and complaint were served by regular United States Mail on the Defendant on February 23, 2015 as follows: Coney Island Auto Parts Unltd. Inc.; 2317 McDonald Ave.; Brooklyn, NY 11223. AP Doc. 9. According to the New York Secretary of State, where the Defendant is registered, the name and address for service of process is: "The Corporation; 2317 McDonald Ave, Brooklyn, NY, United States, 11223". A copy of the Entity Information for the Defendant from the New York Department of State is attached hereto as <u>Exhibit 1.</u> There is no other registered agent for service of process listed, other than the Defendant itself. The registered agent name and address was last changed by the Defendant in 2005, according to the Filing History maintained by the New York Department of State, and attached hereto as <u>Exhibit 2.</u>

No timely response was filed to the Complaint. So, on April 13, 2015, counsel for the Debtor submitted a Notice of Default, AP Doc. 10, and the Clerk of the Court filed an Entry of

2
Case 3:15-ap-90079    Doc 52    Filed 08/22/22    Entered 08/22/22 16:24:11    Desc Main
Document    Page 2 of 17

Judgment against the Defendant. AP Doc. 12. That Motion for Default Judgment was served upon the Defendant at the same address (Coney Island Auto Parts Unltd. Inc.; 2317 McDonald Ave.; Brooklyn, NY 11223) and required a response by May 4, 2015. AP Doc. 12 and 14. No timely response was filed and an Order Granting Motion for Default Judgment was entered by this Court on May 19, 2015. AP Doc. 17.[1]

As noted above, this case was converted to Chapter 7 on June 9, 2015, less than one month after the default judgment was entered against the Defendant. On March 16, 2016, the Trustee filed a Supplemental Motion to Employ Special Counsel in which she sought to employ undersigned counsel to collect the default judgments entered in this case, including the one against the Defendant. Main Case Doc. 554. That motion was granted on April 12, 2016. Main Case Doc. 562.

Immediately, counsel for the Trustee began taking action to collect the default judgments, including the one against the Defendant. On April 20, 2016, the Trustee sent demand letters to the two remaining default judgment debtors that (a) attached a copy of the default judgment, (b) stated the amount that was owed on the judgment as of the date of the letter, and (c) demanded payment thereof by May 6, 2016. One of those two letters was mailed to: Coney Island Auto Parts Unlimited, Inc.; ATTN: Daniel Beyda, CEO; 2317 McDonald Avenue; Brooklyn, NY 11223.[2] Research conducted by the Trustee's counsel indicated that Mr. Beyda was the Chief Executive Officer of the Defendant and that 2317 McDonald Avenue, Brooklyn, NY 11223 was the Debtor's principal place of business.

---

[1] While the Motion for Default Judgment was pending, the Debtor's counsel filed a Pretrial Statement; that Pretrial Statement was served on the Defendant at the same address (Coney Island Auto Parts Unltd. Inc.; 2317 McDonald Ave.; Brooklyn, NY 11223). AP Doc. 15.

[2] A copy of the April 20, 2016 letter to the Defendant was stored in a file on undersigned counsel's computer. Unfortunately, that file has since been corrupted (one of the problems with allowing a Defendant to challenge an order seven years after the fact). However, the letter sent to the Defendant was substantially similar in form to the one sent simultaneously to another default judgment debtor, Aircore, LLC. A copy of the Aircore letter is attached hereto as <u>Exhibit 3</u> to demonstrate the substance of the April 20, 2016 letter to the Defendant.

3

The Defendant did not response to the April 20, 2016 letter. Therefore, on May 16, 2016, the Trustee served Plaintiff's Post-Judgment Interrogatories and Requests for Production (the "Discovery") on Defendant Coney Island Auto Parts Unlimited, Inc. (the "Defendant"). A copy of the Discovery is attached hereto as Exhibit 4. The Discovery was mailed to: Coney Island Auto Parts Unlimited, Inc.; ATTN: Daniel Beyda, CEO; 2317 McDonald Avenue; Brooklyn, NY 11223. Again, the Defendant ignored the Discovery. On June 28, 2016, the Trustee's counsel sent a letter to the Defendant requesting responses to the Discovery by July 8, 2016 and informing it that, if responses were not received, the Trustee would be filing a motion to compel. The June 28, 2016 letter, like the April 20, 2016 letter, clearly identified that the Trustee's counsel was writing regarding a "Judgment against Coney Island Auto Parts Unlimited, Inc." and identified the court and case number of this action. A copy of the June 28, 2016 letter is attached hereto as Exhibit 5. The Trustee received no response from that communication and the Defendant failed to respond to the Discovery.

On July 13, 2016, the Trustee filed and served on the Defendant the Plaintiff's Motion to Compel Discovery Responses (the "Motion to Compel"). AP Doc. 22. The Motion to Compel was served on the Defendant at the following address: Coney Island Auto Parts Unlimited, Inc.; ATTN: Daniel Beyda, CEO; 2317 McDonald Avenue; Brooklyn, NY 11223. The Defendant failed to respond to the Motion to Compel, and the Court entered the Order Compelling on August 17, 2016. AP Doc. 26. The Trustee served a copy of the Order Compelling on the Defendant, along with a cover letter explaining the import of the Order, by certified mail on August 19, 2016. A copy of that letter and proof of service of the certified mail is attached hereto as Exhibit 6. The Defendant never complied with the Order Compelling, nor did it respond to the Trustee in any fashion.

Over the next two years, the Trustee attempted (without success) to register the judgment in New York without the aid of local counsel and/or to locate national banks at which the Defendant might maintain accounts that could be frozen. Having found no success, the Trustee began issuing subpoenas to vendors with whom she believed the Defendant did business. In advance of issuing those subpoenas, she notified the Defendant of her efforts as required by the Federal Rules of Civil Procedure. Attached hereto as <u>Exhibits 7 and 8</u> are letters to the Defendant dated May 7, 2018 and June 4, 2018. The letter dated May 7, 2018 was sent via certified mail and proof of service is also attached to <u>Exhibit 7</u>. The Trustee received no response from the Defendant to either letter, and her attempts to locate assets again proved unsuccessful.

On March 26, 2020, the Trustee sought permission to employ New York local counsel to assist in the collection of the default judgment against the Defendant. Main Case Doc. 692. That request was granted by the Court on April 22, 2022. Main Case Doc. 695. On September 14, 2020, the Trustee's New York counsel commenced a proceeding in the United States Bankruptcy Court for the Southern District of New York to register this Court's default judgment in that district.[3] Again, despite notice of the New York Bankruptcy Court matter, the Defendant did not appear. In fact, it was not until the Trustee, with the assistance of counsel, froze $97,392.42 of the Defendant's funds in a bank account maintained at Metropolitan Commercial Bank that the Defendant began responding to the Trustee's collection attempts. At that point, the Defendant moved the New York Bankruptcy Court to vacate this Court's judgment due to lack of jurisdiction, which it declined to do. The Defendant appealed the New York Bankruptcy Court's decision to the United States District Court, which affirmed the Bankruptcy Court's ruling on

---

[3] In its Motion to Vacate, the Defendant detailed the proceedings that occurred in New York and attached most of the relevant documents. The Trustee will not repeat the citations to those records since there appears to be no dispute regarding the New York proceedings.

April 21, 2022. The Defendant did not appeal the District Court's decision to the Second Circuit Court of Appeals. However, almost three months later, on July 8, 2022, the Defendant filed the Motion to Vacate with this Court.

## DISCUSSION

    A.    **The Defendant was properly served with the Complaint, Summons, Motion for Default Judgment, and Order of Default Judgment.**

As detailed above, the Debtor's counsel served all initial pleadings in this matter on the Defendant at the same service address: Coney Island Auto Parts Unltd. Inc.; 2317 McDonald Ave.; Brooklyn, NY 11223. While ordinarily that service might be deficient, in this case it is not because the Defendant listed the corporation itself as the agent for service of process. Bankruptcy Rule 7004(b)(3) authorizes a plaintiff to serve a complaint and subpoena by first class mail, "[u]pon a domestic or foreign corporation . . . by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . ." As demonstrated by the New York Secretary of State records attached hereto as Exhibit 1, the Defendant designated "The Corporation" at "2317 McDonald Ave, Brooklyn, NY, United States, 11223" as the appropriate "Service of Process Name and Address". As also demonstrated by the records attached as Exhibit 1, the Defendant listed no other registered agent name or address. Therefore, service upon "Coney Island Auto Parts Unltd. Inc." at "2317 McDonald Ave.; Brooklyn, NY 11223" constitutes valid service of process upon "any other agent authorized by appointment or by law to receive service of process." The Defendant designated itself as the agent for service of process in New York. Therefore, service of process upon the Defendant was appropriate and is not the basis for setting aside the Default Judgment some seven (7) years later.

### B. The Defendant bears the burden of proving that it had no knowledge of the Complaint or the Default Judgment and/or ineffective service of the same; it has not carried that burden.

The Defendant asks this Court to set aside its prior Default Judgment Order pursuant to Rules of Civil Procedure 55(c) and 60(b)(4). FRCP 55(c) simply provides that a court may set aside a default judgment for the reasons enumerated in Rule 60(b) for granting relief from a final order. Thus, the Defendant's Motion to Vacate rests solely upon Rule 60(b)(4), which states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (4) the judgment is void". The Defendant argues that service of process was invalid and, therefore, that this Court's Default Judgment Order is void and must be set aside. However, it has failed to meet the burden of proof required by Rule 60(b)(4).

It is clear from the docket that the Complaint, Summons, Motion for Default Judgment, and Default Judgment Order were all served upon the Defendant as follows: "Coney Island Auto Parts Unltd. Inc.; 2317 McDonald Ave.; Brooklyn, NY 11223". Indeed, the Defendant does not dispute that the Debtor's counsel did not mail these documents to that address – *nor does the Defendant dispute that it actually received these documents at that address*. Certainly, the Defendant does not and cannot dispute that it did not have actual knowledge of the Default Judgment Order by 2016 at the latest, when the Trustee's counsel sent multiple notices to the attention of the Debtor's CEO at its principal place of business.

When service of process is mailed, "[c]ourts uniformly presume that an addressee receives a properly mailed item when the sender presents proof that it properly addressed, stamped and deposited the item in the mail." *In re Dana Corp.,* 2007 Bankr. LEXIS 1934 at *12 (Bankr. S.D.N.Y. 2007) (noting that the presumption is very strong and finding a failure to

overcome the presumption of receipt); *see also Hagner v. United States,* 285 U.S. 427, 430 (1932) ("[T]he rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."); *In re Freedom Commc'n Holdings,* 472 B.R. 257, 262 (Bankr. D. Del. 2012) (noting that "mailing a notice to a party's last-known address is reasonably calculated to provide actual notice").

"The technical requirements of Rule 4[4] notwithstanding, courts have recognized that the fundamental purpose of service is to give defendants notice of claims against them." *Criollo v. N.Y. Fine Interiors,* 2021 U.S. Dist. LEXIS 64632 (S.D.N.Y. 2021). "Courts will deem valid service outside of the bounds of Rule 4 where a defendant has 'actual notice' of the documents mailed." *Id.* at *17.

"On a Motion to Vacate a Default Judgment based on improper service of process, if a defendant had actual notice of the proceeding, the defendant bears the burden of proof to establish that service was not properly effectuated." *Cook v. Toidze*, 950 F.Supp. 2d 386, 394 (D. Conn. 2013) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005); *see also SEC v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("a defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur"); *Burda Media, Inc.*, 417 F.3d at 299; *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 401 (7th Cir. 1986); *Jones v. Jones*, 217 F.2d 239, 242 (7th Cir. 1954). Equity mandates that a movant who seeks to vacate a default judgment despite having actual knowledge of the proceeding bear the burden of proof, as explained by the United States Court of Appeals for the Ninth Circuit:

---

[4] F.R.C.P. Rule 4 is the corollary to Bankruptcy Rule 7004.

> The rule also comports with general principles of fairness. A defendant who has notice of an action against him may force the plaintiff to prove that service has been made and that jurisdiction is proper by filing a Rule 12(b) motion to dismiss. The defendant who chooses not to put the plaintiff to its proof, but instead allows default judgment to be entered and waits, for whatever reason, until a later time to challenge the plaintiff's action, should have to bear the consequences of such delay.

*SEC v. Internet Solutions for Bus., Inc.*, 509 F.3d at 1166 (citing *Rohm & Haas Co. v. Aries,* 103 F.R.D. 541, 544 (S.D.N.Y. 1984)).

The Defendant does not deny having actual knowledge of the proceeding, much less does it present *proof* that it had no knowledge of the proceeding. It presents no proof that the Complaint, Summons, Motion for Default Judgment, and Default Judgment Order were not actually received by the Defendant. Having established that these documents were all mailed to the corporation (who itself was listed as the agent for service of process), the burden now rests with the Defendant to prove that it was not properly served. The Defendant has offered no proof to this point and, therefore, has not carried the burden of proof necessary to succeed on its Motion to Vacate.

### C. Even if the Court were to find that service of process were technically deficient, the Defendant has not been denied any due process of law.

The Debtor properly served the Defendant with notice of this proceeding at the address listed with the New York Secretary of State for service of process. The Defendant has presented no evidence to demonstrate that service of process was not effective and/or that it had no actual knowledge of the proceeding. However, even if the Court were to find that there was a technical deficiency in the service of process, the Defendant's Motion to Vacate would nonetheless fail based upon well-established Supreme Court jurisprudence.

"Civil Rule 60(b)(4) provides relief from void judgments. Fed. R. Civ. Pro. 60(b)(4). It requires courts to set aside as void, without any discretion, an order issued in a manner

9
Case 3:15-ap-90079  Doc 52  Filed 08/22/22  Entered 08/22/22 16:24:11  Desc Main
Document    Page 9 of 17

inconsistent with the due process clause of the Fifth Amendment." *SunTrust Bank v. Braden (In re Braden),* 516 B.R. 672, 678 (Bankr. S.D. Ga. 2014) (citing *In re Manchester Ctr.,* 123 B.R. 378, 381 (Bankr. C.D. Cal. 1991)). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 271 (2010) (citations omitted). "Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id* at 272 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)) (other citations omitted). Where a party has actual notice of the proceeding, any due process concerns are satisfied. *Espinosa*, 559 U.S. at 272; *see also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 109 (6th Cir. 1995) ("Whether or not the judgments here were voidable because Atlas was not served turns on whether Atlas had actual notice of them.").

Defendants have no constitutional rights to service of process as prescribed by Bankruptcy Rule 7004. *Braden*, 516 B.R. at 679. "Therefore, a movant must both identify a technical inadequacy in the notice provided and establish the denial of a right to due process in order to prove a judgment is void." *Id* (citing *In re Manchester Ctr.,* 123 B.R. at 381)). "A party afforded actual notice consistent with constitutional standards cannot claim a violation of its constitutional due process rights simply because the technical requirements for service of process were not met." *Id* (citing *In re Wilkinson,* 457 B.R. 530, 544 (Bankr. W.D. Tex. 2011)).

In this case, Defendant has not denied that it had actual knowledge of this matter; rather, it relies *exclusively* on a technical service of process argument to excuse its seven (7) years of inaction. Courts throughout the nation, including the highest court in this nation, have made

clear that a technical deficiency of service of process pursuant to Bankruptcy Rule 7004 is not enough to qualify as a due process violation. Since the Defendant relies exclusively on such a technicality, Rule 60(b)(4) does not excuse its failure to timely act.

>    **D.  The Defendant failed to file its Motion to Vacate within a reasonable time, as required by Rule 60, and the Defendant's Motion to Vacate is barred by the doctrine of laches.**

Finally, even if the Defendant were otherwise entitled to relief under Rule 60, any such relief is now time barred. The default judgment was entered against the Defendant in 2015 and immediately served on the company; by at least 2016, it had *actual* notice of the default because the Trustee's counsel began serving demand letters and discovery on the Defendant's Chief Executive Officer, Daniel Beyda. In light of these facts, the Defendant's decision to wait seven (7) years after the entry of the judgment, and after the statute of limitations has passed on this action, violates both the equitable doctrine of laches and the reasonableness requirement of Rule 60(c).

Laches is a negligent and unintentional failure to protect one's rights. *Elvis Presley Enterprises., Inc. v. Elvisly Yours, Inc*., 936 F.2d 889, 894 (6th Cir. 1991). The doctrine is based on the equitable principle that a court "will not intervene on behalf of one who has delayed unreasonably in pursuing his rights." *In re HC Liquidation, Inc.*, 609 B.R. 731, 758, 2019 WL 6002187 (Bankr. E.D. Tenn. 2019). A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it. *Newsom v. Golden*, No. 3:22-CV-00318, 2022 WL 1500860, at *2 (M.D. Tenn. May 12, 2022). Whether the doctrine applies is subject to a court's discretion. *Id.* Tennessee courts recognize that laches applies "only in comparatively rare cases." *In re HC Liquidation, Inc.*, 609 B.R. 731, 758, 2019 WL 6002187 (Bankr. E.D. Tenn. 2019). There is a strong presumption that a plaintiff's delay is

11
Case 3:15-ap-90079    Doc 52    Filed 08/22/22    Entered 08/22/22 16:24:11    Desc Main
Document      Page 11 of 17

reasonable so long as the analogous statute of limitations has not elapsed. *Elvis Presley Enterprises, Inc.*, 936 F.2d at 894.[5]

The concept of laches is built into Rule 60. *See* Fed. R. Civ. P. 60(c). ("a motion under Rule 60(b) must be made within a reasonable time"). In the Sixth Circuit, it is well established that Rule 60(b)(4) motions are "only cognizable if brought within a reasonable time." *United States v. Dalide,* 316 F.3d 611, 617 (6th Cir. 2003). Three cases from within the Sixth Circuit seem to highlight the concept's applicability to the case now before this Court.

First, in *Days Inn Worldwide, Inc. v. Patel,* 445 F.3d 899 (6th Cir. 2006), the Sixth Circuit Court of Appeals held that waiting over eleven months to file a Rule 60(b)(4) motion did not comply with Rule 60(c)'s reasonable time requirement, and the court affirmed the denial of a motion to vacate a default judgment. Days Inn sued Bharat Patel ("Patel") and two other defendants for breach of contract, serving Patel via express mail with copies of the summons, verified complaint, and motion for temporary restraining order prior to the case management conference. *Id.* at 902. There was an issue serving Patel initially, but Days Inn's counsel corrected it by mailing the complaint and summons to Patel's correct address two days prior to entry of the default judgment order. *Id.* The district court entered a default judgment against Patel for $135,000, a week after he failed to appear at a case management conference. *Id.* at 901. A year later, Patel moved for relief from the default judgment pursuant to F.R.C.P. 60(b)(4), arguing that the judgment was void *ab initio* and could not become valid through the passage of time, and that the district court was obligated to vacate a void judgment. *Id.*

The Sixth Circuit determined that Patel waived his personal jurisdiction and due process objections to service by waiting almost a year before moving to vacate, in part because his counsel

---

[5] In this case, however, the Defendant has waited until the statute of limitations has elapsed before pursuing its Motion to Vacate.

admitted that Patel received good service of the summons and complaint after the second mailing, and Patel knew of his right to respond to the complaint, yet he failed to respond "within a reasonable time" as required by Rule 60(c). *Id.* at 906. The court pointed out that the requirement to respond in a reasonable time applies to 60(b)(4) motions. The Sixth Circuit noted that the Supreme Court has held in a similar context, prior to the advent of Rule 60(b), that "undue laches is treated as a waiver of the right to object to the judgment, and operates as an irrevocable renunciation of it." *Beebe v. United States,* 161 U.S. 104, 115 (1896).

In this case, the Defendant is in a similar position as Mr. Patel. In its Motion to Vacate, the Defendant makes the same arguments, yet does not claim that it never actually received the documents. To the extent there was ever defective service and/or a lack of actual knowledge of the proceeding, that was cured once the trustee served multiple documents to the attention of its CEO, like the corrected service in *Patel*.

Similarly, in *In re William Cargile Contractor, Inc.,* 209 B.R. 435 (B.A.P. 6th Cir. 1997), the Sixth Circuit Bankruptcy Appellate Panel held that it was error for a bankruptcy court to vacate a default judgment after defendant's culpable conduct led to the default. In that case, the trustee filed a preference action against Western and there were no issues with service. *Id.* at 437. After Western failed to respond, the Trustee secured a default judgment. *Id.* Seven months after default, the Trustee served Western with a demand for payment. Almost a year and a half after the initial service of the complaint and summons and eight and a half months after entry of judgment, Western then moved to vacate the judgment, arguing that it was not afforded due process because the trustee did not serve it with the motion for default judgment. *Id.*

Reviewing the case de novo, the BAP determined that Western was required to prove (1) that setting aside of the default judgment would not prejudice the plaintiff, (2) the presence of a

meritorious defense, and (3) that no culpable conduct on the part of the defendant led to the default. Without addressing the other elements, the BAP found that the defendant failed to prove a lack of culpability on its behalf. *Id.* Western acknowledged it had received the summons and complaint, and a demand for payment, yet waited a year and a half to do anything about it. *Id.* Notably, the court said that Western's "flagrant disregard for the courts' rules undermined the Trustee's ability to efficiently administer the bankruptcy estate." 209 B.R. at 439.

While, in this case, the Defendant asserts improper service of process, the *Cargile Contractor* case is nonetheless instructive. Like the defendant in that case, the Defendant has disregarded this Court's rules and orders (including an order compelling the Defendant to respond to post-judgment discovery) and undermined the Trustee's ability to efficiently administer the bankruptcy estate for over seven (7) years. The Defendant's conduct has caused the Trustee and her counsel to spend scores of unnecessary hours attempting to collect this judgment. Now, after years of trying to avoid collection, the Defendant has decided to challenge the validity of the judgment itself. This "flagrant disregard" for this Court's authority should not be tolerated.

Finally, but perhaps most instructively, the United States Bankruptcy Court for the Western District of Kentucky has been faced with facts strikingly similar to those now before this Court. In *In re Computrex Int'l, Inc.,* 433 B.R. 197 (Bankr. W.D. Ky. 2010), the court denied a motion to vacate a default judgment against a New York Corporation where the defendant contended that service of process was defective. In *Computrex*, the trustee filed an adversary proceeding to recover $77,715 in accounts receivable owing the debtor by Alcan, a New York Corporation. *Id.* at 199. The trustee served Alcan via mail at an address in the Netherlands, which Alcan had no connection to, and the mailing did not contain the "to the attention of an officer" language. *Id.* After no response, the court entered a default judgment

against Alcan. *Id.* Five years after the entry of default judgment, Alcan moved under Rule 60(b)(4) to vacate the judgment based on improper service on similar grounds to those raised by the Defendant here. *Id.* at 199 - 200. Attached to the motion was a letter from trustee attempting to collect on the judgment dated four years after the default, which read in part: "*Do not delay! Contact me today to take advantage of this chance to resolve this matter quickly and amicably.*" *Id.* Trustee's counsel spoke with Alcan around the time of the letter, yet Alcan waited another twenty-two months to file the motion to vacate. *Id.*

The court gave two considerations for its denial of the motion to vacate. First, it noted that the Sixth Circuit had specifically held that 60(b)(4) motions are "only cognizable if brought within a reasonable time." *See United States v. Dailide,* 316 F.3d 611, 617 (6th Cir. 2003); *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 903 (6th Cir. 2006); *Ohio Cas. Ins. Co. v. Pulliam,* 182 F.3d 918, 1999 WL 455336 (6th Cir. 1999); *Manohar v. Massillon Community Hosp.,* 208 F.3d 214, 2000 WL 302776 (6th Cir. 2000); *United States v. Leprich,* 169 Fed. Appx. 926, 932 (6th Cir. 2006). The court then cited to a host of Sixth Circuit cases holding that Rule 60(b)(4) motions were untimely where a significant amount of time had passed between the filing of the motion and when judgment was entered. *See Dailide,* 316 F.3d at 618–619 (four years); *Blachy v. Butcher,* 129 Fed. Appx. 173, 179 (6th Cir. 2005) (three years); *Pulliam,* 182 F.3d 918, 1999 WL 455336 at *3–4 **(**more than three years**)**; *Days Inns,* 445 F.3d at 903 (over eleven months); *Leprich,* 169 Fed. Appx. at 932 (sixteen years); *Manohar,* 208 F.3d 214, 2000 WL 302776 at *1 (almost five years); *Richard v. Allen,* 78 F.3d 585, 1996 WL 102419 (6th Cir.1996) (nearly four years).

Moreover, the "bounds of reasonable time 'ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason

15

Case 3:15-ap-90079    Doc 52    Filed 08/22/22    Entered 08/22/22 16:24:11    Desc Main
Document      Page 15 of 17

of the delay, and the circumstances compelling equitable relief.'" *Ohio Cas. Ins. Co. v. Pulliam,* 182 F.3d 918, 1999 WL 455336 (6th Cir.1999) (*quoting Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990)). Under this standard, Alcan's motion was untimely because (a) the motion was filed five years after entry of default judgment; (b) even if Alcan was unaware of the action in 2004, it became aware in February 2008 but waited until December 2009 to file the motion, more than 22 months later; (c) considering the length of time directly attributed to Alcan's inaction, it would have been extremely difficult for the Trustee to rebuild the case five years later and Alcan's inaction unnecessarily caused a substantial increase in legal expenses by the Trustee; (d) the equities did not favor Alcan, when it waited almost two years to vacate the default judgment, which could have avoided unnecessary legal maneuvering and expense had Alcan simply acted in a more prompt manner; and (e) Alcan provided no sufficient explanation for its delay in filing the motion to vacate.

The Defendant's inaction over the last seven (7) years certainly seems to be on all fours with *Computrex*. Like Alcan, the Defendant contends that the original service was defective. The *Computrex* trustee made efforts to collect on the default judgment; here, the Trustee has attempted to collect from the Defendant for over six (6) years. The Defendant ignored multiple demand letters, post-judgment discovery, motions to compel discovery, and an order compelling discovery responses; it only took action when the Trustee succeeded in freezing the Defendant's assets. Like Alcan, the Defendant gives no explanation for its six-year delay following notice of the default and pending discovery request.

These three cases clearly illustrate that the Defendant has not met the "reasonable time" requirement of F.R.C.P. Rule 60(c), and that the related equitable doctrine of laches bars the relief sought by the Defendant in the Motion to Vacate. Simply put, the Federal Rules of Civil

16

Procedure, equity, and relevant case law prevents a party from sleeping on its rights for six to seven years while allowing the statute of limitations to lapse, and allowing the facts necessary to establish the underlying cause of action to grow stale and incapable of being shown due to the passage of time. This Court should not relieve the Defendant of its responsibility pursuant to the Default Judgment simply because the Trustee, after years of work by two separate law firms, finally captured assets of the Defendant.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Trustee respectfully requests that the Court (i) deny the Defendant's Motion to Vacate pursuant to F.R.C.P. Rules 55(c) and 60(b)(4); and (ii) grant the Trustee such other and further and general relief to which she is entitled.

RESPECTFULLY SUBMITTED:

/s/ Phillip G. Young , Jr.
Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
615-465-6008
phillip@thompsonburton.com

Counsel for the Trustee

### Certificate of Service

The undersigned hereby certifies that a copy of the preceding Objection was electronically filed and served via the Court's ECF system upon all parties having made an appearance, including counsel for the Defendant.

this 22nd day of August, 2022.

/s/ Phillip G. Young , Jr.