# THOMPSON BURTON PLLC
### ATTORNEYS AT LAW
#### A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

June 28, 2016

Coney Island Auto Parts Unlimited, Inc.
ATTN: Daniel Beyda, CEO
2317 McDonald Avenue
Brooklyn, NY 11223

Re: Judgment against Coney Island Auto Parts Unlimited, Inc.: *Vista Pro Automotive, LLC v. Coney Island Auto Parts Unlimited, Inc.* (Bankr. M.D. Tenn. Case No. 15-90079)

Dear Mr. Beyda:

On May 16, I mailed you a set of discovery related to the above-referenced matter. That discovery is included herewith for your reference. Your deadline to respond expired approximately ten days ago yet I have received no response. Pursuant to Federal Rules of Civil Procedure Rule 37, I hereby request that you mail me your responses by no later than July 8, 2016 or otherwise contact me to give me a date by which you will respond. If I receive no response from you by July 8, I will file a motion asking the Court to find you in contempt, and will ask that it issue sanctions against you for your disregard of these discovery requests.

You should also know that this firm in the process of registering the judgment rendered against you in the Southern District of New York, and that this firm is beginning collection activities against you. If you have not already done so, I would strongly advise you to retain counsel and have your counsel contact me as soon as possible to discuss payment of this judgment.

Sincerely,

Phillip G. Young, Jr.

Enclosure

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VISTA PRO AUTOMOTIVE, LLC, | ) | Case No. 14-09118 |
| | ) | Judge Mashburn |
| Debtor. | ) | Chapter 7 |
| | ) | |
| VISTA PRO AUTOMOTIVE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. 15-90079 |
| | ) | |
| CONEY ISLAND AUTO PARTS | ) | |
| UNLIMITED, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S POST-JUDGMENT INTERROGATORIES
AND REQUESTS FOR PRODUCTION
TO CONEY ISLAND AUTO PARTS UNLIMITED, INC.**

Jeanne Ann Burton, Chapter 7 Trustee for Vista Pro Automotive, LLC (the "Plaintiff"), pursuant to Rules 26, 33, 34 and 69 of the Federal Rules of Civil Procedure, propounds the following post-judgment interrogatories and requests for production to Coney Island Auto Parts Unlimited, Inc. ("Coney Island" or the "Defendant"). The Defendant is required to answer, under oath, the following interrogatories within thirty (30) days from the date of service and furnish a copy of the answers, along with all requested documents, to Plaintiff's attorney Phillip G. Young, Jr., Thompson Burton PLLC, 6100 Tower Circle, Suite 200, Franklin, Tennessee 37067, or at such other time and place as is mutually agreed upon by the parties.

## I. DEFINITIONS & INSTRUCTIONS

1. The terms "you" or "your" are defined to include Coney Island Auto Parts Unlimited, Inc., its employees, officers, shareholders, agents and representatives, and anyone else acting on its behalf.

2. The term "identify" when used in reference to:

   (a) A natural individual, requires you to state his or her full name, title or position, residential and business address, and telephone numbers;

   (b) A corporation, requires you to state its full corporate name and any names under which it does business, the state of incorporation, and the address of its principal place of business;

   (c) A partnership, requires you to state its full name and any name under which it does business, the state of any certificate of partnership (or other similar document) filing, and the address of its principal place of business;

   (d) A document, requires you to state the number of pages and the nature of the document (*e.g.*, letter, memorandum), its title, its date, the name or names of its authors and recipients, and its present location or custodian;

(e) A communication, requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication, and, to the extent that the communication was non-written, to identify the persons participating in the communication, and to state the date and substance of the communication.

3. The term "document" shall mean and include any and all letters, correspondence, memoranda, notes, work papers, invoices and other writings, tapes, charts, drawings, sketches, photographs, video or sound recordings, written statements of witnesses or other persons having knowledge of the pertinent facts, computer tapes, disks and programs, "e-mails," and any other data compilations from which information can be obtained or translated, if necessary, into reasonably useful form, whether or not such documents are claimed to be privileged against discovery on any ground.

4. If you contend that any document otherwise responsive to the following requests for production of documents is privileged or subject to protection as trial preparation material, identify the nature of each such document, the date on which it was created, the author(s), all recipients, the subject matter of the document, and the basis for your contention that the document is not subject to discovery.

## II. INTERROGATORIES

1. State the employer identification number, state of incorporation, principal place of business, and current legal status of Coney Island Auto Parts Unlimited, Inc.

**ANSWER:**

2. Identify by name, address and telephone number every financial or banking institution at which you have funds and/or had funds within the last three years, including but not limited to bank accounts, stock or mutual funds, bond funds, certificates of deposit, or money market accounts.

**ANSWER:**

3. Please state the name under which the account is held, the current account balance, the date the account was closed if not presently open, and the account number for each account, fund, or certificate of deposit identified in response to Interrogatory No. 2.

**ANSWER:**

4. Identify the street address and legal description of each piece of real property owned by or titled in your name, and for each piece of property, list the name or names of persons in possession of the property, purchase price, the date of purchase, and your opinion as to the current market value of each property.

**ANSWER:**

5. For each parcel of real property identified in response to Interrogatory No. 4, identify all entities or persons holding liens on any such real property and state the amount of each such lien.

**ANSWER:**

4

6. List the name, address and phone number of each officer of Coney Island Auto Parts Unlimited, Inc., and which position each person holds.

**ANSWER:**


7. List the name, address and phone number of each person that owns an interest in Coney Island Auto Parts Unlimited, Inc., and state the percentage of interest that each person owns.

**ANSWER:**


8. Please identify all motor vehicles owned by you by make, model, license number, and vehicle identification number.

**ANSWER:**


9. With respect to each vehicle identified in response to Interrogatory No. 8, please identify when you became the registered owner, where the vehicle is located at this time, the state in which the vehicle is registered, all entities or persons holding liens on each vehicle and the amount of each such lien, the amount of mileage on the vehicle, and the value of the vehicle.

**ANSWER:**


10. Identify all other tangible personal property owned by you of a value in excess of $100 not described elsewhere in these interrogatories, and for each item of

5

property identified, provide a description of the property, the current value of the property, and the present location of the property.

**ANSWER:**


11.  Identify any stocks, bonds, or other securities you own either separately or jointly with another person, firm, or entity, and for each stock, bond, or security identified, provide a description of the stock, bond, or security, including the number of each owned; the fair market value of each stock, bond, or security; the name and address of each person who is in possession of the certificates of stock, bond or security; and, if the stocks, bonds, or securities are owned jointly, the names and addresses of the joint owners.

**ANSWER:**


12.  Identify the name and nature of any business enterprise, including but not limited to any partnership or corporation, in which you have an interest and identify the amount of income received for each such enterprise in the preceding twelve (12) months; the co-owners of such enterprise, if any; when such interest was acquired; the cost of such interest; the present value of such interest and the method used to determine this interest; and your position or the extent of your activities in such enterprise.

**ANSWER:**


13.  Identify any funds, real estate, assets (worth $100 or more), or any interest in any corporation, partnership or other entity which you have transferred to any person

6

or entity within the past five years, and for each transfer identify the person or entity to whom you transferred any such funds, assets, or interest; the date of the transfer; the amount of funds transferred; the identity of the assets or interests transferred; the consideration, if any, received for any such transfer; and any and all documents which evidence or relate to any such transfer.

**ANSWER:**


14. Identify any encumbrances, including but not limited to liens, that you have granted on real or personal property within the past two years. For each encumbrance, list the asset being encumbered, the date of the encumbrance, the party that was granted the encumbrance, and the value you received in exchange for the encumbrance.

**ANSWER:**


14. List all of your weekly and monthly operational expenses by nature and amount, and state the source or sources of income used to satisfy each such expense.

**ANSWER:**


15. For each debt or financial obligation which you currently have, identify the creditor or obligee of each such debt or obligation; the nature and amount of each such debt or obligation; the source or source of income used to repay each such debt or obligation; and any and all documents which evidence or relate to each such debt or obligation.

**ANSWER:**

16. Identify every lawsuit to which you are currently a party. With respect to each such lawsuit, identify whether you are plaintiff or defendant, the jurisdiction in which the action is pending, the case number, the nature of the complaint, the amount in controversy, and the name and telephone number of opposing counsel (if any).

**ANSWER:**

18. State with particularity what source or sources of income, or what assets you have used to pay the fees and expenses incurred in any litigation to which you are a party, or to which you have been a party in the last year.

**ANSWER:**

17. Please identify by name, address, and telephone number all persons or entities owing you money (including, but not limited to, tenants of real property), and state specifically the nature and amount of each such debt.

**ANSWER:**

20. Do you have any other source of income or funds that you have not mentioned in answers to previous interrogatories? If so, state the nature and source of income or funds; the amount of income or funds available; and the conditions or contingencies under which you are eligible to receive said income or funds.

**ANSWER:**

8

21. State the name, address, and telephone number of every person that assisted in answering these interrogatories.

**ANSWER:**

### III. REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents referred to in responding to the preceding interrogatories.

**RESPONSE:**

2. Produce all financial statements (audited and unaudited) prepared during the last five years by you or for you or any corporation, partnership or other entity in which you have an ownership interest, control or manage.

**RESPONSE:**

3. Produce your federal income tax returns for 2011 to the present.

**RESPONSE:**

4. Produce all documents referring or relating to any account of any type currently maintained by you at any bank, brokerage firm, or other financial institution.

**RESPONSE:**

9

5. Produce all documents referring or relating to any personal property (over $100) in which you maintain any financial interest.

**RESPONSE:**

6. Produce all documents referring or relating to any real property in which you maintain any financial interest.

**RESPONSE:**

7. Produce all documents referring or relating to any securities or other items of value in which you maintain any financial interest.

**RESPONSE:**

8. Produce all documents referring to, relating to, or otherwise evidencing transfers of personal or real property made by you to any other person or entity after January 1, 2011.

**RESPONSE:**

9. Produce all documents referring to, relating to, or otherwise evidencing any debts owed to you by any person or entity.

**RESPONSE:**

10

Case 3:15-ap-90079    Doc 52-5    Filed 08/22/22    Entered 08/22/22 16:24:11    Desc
Exhibit 5    Page 11 of 13

10. Produce all documents referring to, relating to, or otherwise evidencing any sources of income to you since January 1, 2011, including but not limited to any and all documents identifying your current employer, current gross monthly income, and current net monthly income.

**RESPONSE:**

11. Produce all documents referring or relating to any gift or money, personal property, real property, or anything else of value received by you in the last five years.

**RESPONSE:**

12. Produce all documents referring or relating to any of the following:

   a. any debt currently owed by you;

   b. any judgment rendered against you that has not been fully satisfied as of the date of these requests;

   c. any lien of any type filed against you or your property;

   d. any garnishment currently in force against you;

   e. any current child support or alimony obligations; and

   f. any other legal obligation to pay money that has not been fully satisfied by you as of the date of these requests.

**RESPONSE:**

13. Produce all documents not referenced above that relate to your ability or inability to satisfy the judgment rendered against you in this case.

**RESPONSE:**

11

14. Produce all documents relating to, referencing, or evidencing any offers to purchase, or contracts to purchase, real property from you since January 1, 2011.

**RESPONSE:**

Respectfully Submitted,

/s/ Phillip G. Young
Phillip G. Young (TN 021087)
THOMPSON BURTON PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
615-465-6008
phillip@thompsonburton.com

*Attorneys for Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served by U.S. Mail this 16th day of May, 2016 upon the following:

Coney Island Auto Parts Unlimited, Inc.
ATTN: Daniel Beyda, CEO
2317 McDonald Avenue
Brooklyn, NY 11223

/s/ Phillip G. Young