*Randal S. Mashburn*
Randal S. Mashburn
U.S. Bankruptcy Judge
Dated: 9/23/2022



# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Vista-Pro Automotive, LLC, | ) | Case No. 3:14-bk-09118 |
| | ) | Chapter 7 |
|     Debtor. | ) | Judge Randal S. Mashburn |

| | | |
|---|---|---|
| | ) | |
| Vista-Pro Automotive, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:15-ap-90079 |
| | ) | |
| Coney Island Auto Parts | ) | |
| Unlimited, Inc., | ) | |
|     Defendant. | ) | |

### ORDER AND MEMORANDUM OPINION DENYING
### MOTION TO VACATE DEFAULT JUDGMENT

The Court has been asked to set aside a seven-year-old default judgment that has been fully satisfied through the collection efforts of a Chapter 7 Trustee. The defendant, Coney Island Auto Parts Unlimited, Inc. ("Coney Island") argues that the timeliness of its effort to set aside the judgment is irrelevant because the judgment is void due to improper service. However, applicable caselaw in the Sixth Circuit indicates that timeliness is a threshold matter even when potentially void judgments are at issue. Because Coney Island did not move for relief within a reasonable time, its motion must be denied.

There are several disputed issues that have been raised as a result of the effort to set aside the judgment. For example, there is disagreement about whether service of process was, in fact, deficient. Further, the parties differ about the legal

implications of a defendant's actual knowledge of a lawsuit even when service is defective. However, it is unnecessary to rule on any of these other matters, since the untimely nature of the motion requires denial based on binding Sixth Circuit law.

The Court conducted a hearing on September 20, 2022, at which time numerous exhibits were admitted that presented what is essentially an undisputed factual history. The timeline and basic events are generally stipulated even though there is strong disagreement about how the law should be applied to those facts. The biggest disagreement relates to whether the Sixth Circuit has adopted a different approach from several other circuits which have held that timeliness is not a factor in setting aside a void judgment.

**Background**

A detailed timeline of key events and notice to Coney Island is reflected in an attached Addendum, but only a few critical dates are really controlling. This adversary proceeding started in a Chapter 11 case that was later converted to Chapter 7. A lawsuit over an account receivable was initiated by the debtor in possession on February 11, 2015, and collection of the judgment was later pursued by the Chapter 7 Trustee.

Service of the summons was attempted on February 23, 2015. It is undisputed that the summons and complaint were mailed to Coney Island's correct address, but the certificate of service did not identify an officer or individual agent that was served. While there is a dispute about the effectiveness of service, the Court assumes for the purposes of this opinion that the service was deficient.[1]

---

[1] Fed. R. Bankr. P. 7004(b)(3) allows service upon a corporation by first-class mail "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment of or by law to receive service of process." Since no person was identified by either title or name in the return of service, it appears on its face that the service was defective. In view of its ruling on timelines, the Court is not deciding a separate side issue that relates to the effect of how Coney Island filled out a form with the New York Department of State reflecting the address for service of process. The Trustee contends that this document at Exhibit 1001 allowed service of the complaint in the manner it was done.

No answer was filed, and a default judgment was issued against Coney Island for $48,696.21 on May 19, 2015. Various collection efforts were pursued by the Trustee in 2016 and then again in 2018, and it is stipulated by Coney Island that it was on notice of the existence of the judgment no later than April of 2016. Despite that notice, Coney Island made no effort to vacate the judgment until approximately October 2021 when it filed a motion to vacate in a bankruptcy court in New York, after having been advised that the Trustee had taken action to tie up one of Coney Island's bank accounts.[2] Coney Island was unsuccessful in the bankruptcy court in New York and a subsequent appeal to the district court, because those courts found that any effort to vacate the judgment should be made in this Court since this is the Court that granted the judgment.

The motion to set aside the judgment was not filed in this Court until July 8, 2022, which was more than seven years after the judgment was entered and more than six years after Coney Island acknowledges that it was on notice of the judgment. The initial effort in New York to set aside the Tennessee judgment was not made until more than five years after Coney Island stipulates to notice of the judgment. In short, an absolute minimum of at least five years lapsed from Coney Island learning of the default judgment to when it took any steps in any court to vacate the default judgment.

**Legal Analysis**

Fed. R. Civ. P. 55, made applicable to adversary proceedings by Fed. R. Bankr. P. 7055, governs default procedures, including seeking relief from a default judgment. Once a default judgment becomes final, Rule 55 requires that one of the standards for relief from a final judgment under Fed. R. Civ. P. 60(b) be met. Fed. R. Civ. P. 55(c). If Rule 60(b) is satisfied, the court must also consider whether there is "good

---

[2] The record reflects that the New York court conducted a hearing on the motion on October 7, 2021, but it does not accurately reflect when the motion was filed. Coney Island's brief and supporting declaration refer to the motion filing date as October 7, 2021.

cause" under Rule 55 for setting aside the judgment.³ However, if the Rule 60(b) standard cannot be satisfied, the Court need not address the lesser standard of good cause. *Burrell*, 434 F.3d at 832, 834. When the Rule 60(b) standard is applied to default judgments, the court should resolve all factual doubts in defendant's favor as a way of balancing the public policy favoring the finality of judgments with the competing policy consideration that values disposition of cases on the merits. *Id.* at 832.

Rule 60(b) provides that "[o]n motion and just terms," a court may relieve a party from a final judgment for six enumerated reasons. Fed. R. Civ. P. 60(b). Subsection (4) allows for relief when "the judgment is void." *Id.* at 60(b)(4). Rule 60 requires that any such motion be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The Rule sets an outside time limit of one year for motions under subsections (1) – (3), but motions under subsections (4) – (6) are only limited by the "reasonable time" requirement.

Coney Island has moved for relief under Rule 60(b)(4), arguing that it was not properly served with process of the summons and complaint, and thus the default judgment is void. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citations omitted). "[I]n the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *Id.* (citations omitted). Any judgment rendered by a court lacking personal jurisdiction over the defendant is void. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990). When confronted with a motion to vacate a void judgment under Rule 60(b)(4), the Sixth Circuit holds that "it is a per se abuse of discretion" for the court to deny the motion. *Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011).

---

³ The "good cause" standard requires analysis of three equitable factors: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831–32 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)).

However, despite the broad language in the cases cited above, the Sixth Circuit also holds that a Rule 60(b)(4) challenge "is only cognizable if brought within a reasonable time." *United States v. Dailide*, 316 F.3d 611, 617–18 (6th Cir. 2003). In the Sixth Circuit, courts retain discretion to deny motions to set aside even potentially void judgments when, as a threshold matter, the motions are not made within a reasonable time.

The Sixth Circuit routinely recognizes and enforces the requirement in Rule 60(c)(1) that motions under Rule 60(b) be made within a reasonable time, even when a movant seeks relief from a void judgment. *See, e.g., id.* (noting prior holdings that delays of three years and five years were unreasonable, and finding that the four-year delay in challenging subject matter jurisdiction in the case before it was unreasonable, especially considering that movant could have filed the Rule 60(b)(4) motion simultaneously with its appeal); *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (affirming lower court's finding that Rule 60(b)(4) challenge based on alleged lack of personal jurisdiction was untimely after eleven months and noting that movant "[did] not attempt to identify any good reason" for the delay); *Eglinton v. Loyer* (*In re G.A.D., Inc.*), 340 F.3d 331, 334 (6th Cir. 2003) (Stating that Rule 60(b)(4) motions must be made within a "reasonable time," and noting that the challenge to the lower court's subject matter jurisdiction was untimely when the party was aware of the circumstance for the challenge, but did not file her motion within the 10-day time limit for appeal); *Blachy v. Butcher*, 129 F. App'x 173, 179 (6th Cir. 2005) (noting that Rule 60(b)(4) challenges to an issuing court's jurisdiction must be filed "within a reasonable time," and holding that three years between entry of judgment and filing of motion was an "unreasonable delay").

At least when personal jurisdiction is challenged, the timeliness requirement might also be viewed in terms of waiver. "The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly." *Days Inns Worldwide*, 445 F.3d at 905 (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998)). "[W]aiver is the intentional

relinquishment or abandonment of a known right." *Id.* (quoting *United States v. Osborne*, 402 F.3d 626, 630 (6th Cir. 2005)). A failure to act timely to vacate a judgment for lack of personal jurisdiction may be considered a waiver of the right to do so. *Id.*; *see also Rowe v. Pechiney World Trade Inc.* (*In re Computrex Intern., Inc.*), 433 B.R. 197, 201 (Bankr. W.D. Ky 2010).

The moving party has the burden of demonstrating that its motion was brought timely and that any delay was justified. *Richard v. Allen*, 78 F.3d 585, 1996 WL 102419 *1 (6th Cir. 1996). Whether a Rule 60(b)(4) motion is made within a reasonable time "is dependent upon the facts in a case, including length and circumstances of delay in filing, prejudice to opposing party by reason of the delay, and circumstances warranting equitable relief." *In re G.A.D., Inc.*, 340 F.3d at 334 (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Although the timelines determination is fact specific, it is worth repeating that, as noted in the cases cited above, the Sixth Circuit has found Rule 60(b)(4) motions filed in a range of 11 months to five years from entry of the judgment to be untimely.

Some circuits have declined to find that the timeliness requirement applies to Rule 60(b)(4) for void judgments. For example, according to the Fifth Circuit Court of Appeals:

> "[T]here is no time limit on Rule 60(b)(4) motions, and [the] doctrine of laches has no effect. As a general rule, the fact that such a motion is made long after the entry of a default judgment should not be an obstacle to the jurisdictional inquiry."

*Jackson v. FIE Corp.*, 302 F.3d 515, 523-24 (5th Cir. 2002); *see also Norris v. Causey*, 869 F.3d 360, 365–66 (5th Cir. 2017) (Noting that "Rule 60(b)(4) motions have no time limit."); *Hertz Corp. v. Alamo Rent-A-Car*, 16 F.3d 1126, 1130 (11th Cir. 1994) (Noting the Eleventh Circuit's acceptance of the premise that the "reasonable time" requirement does not apply to Rule 60(b)(4) motions, and citing similar cases from the First, Fifth, Seventh, Tenth and D.C. Circuits).

While it is true that the Sixth Circuit has not adopted the position of several other circuits, the approach in this circuit is arguably more consistent with the governing rule which clearly states that motions under Rule 60(b) "must be made within a reasonable time," with no exception for motions for relief from void judgments under subsection (b)(4). If void judgments under (b)(4) have absolutely no time limit for seeking to set them aside, it makes no sense to include void judgments in the Rule's timeliness requirement.

Judge Michelson in the Eastern District of Michigan was likewise faced with the fact that several commentators and other circuits differ with the Sixth Circuit approach:

> The Court recognizes that there is authority to the contrary. For instance, the oft-cited Wright & Miller treatise states, "the requirement that the motion be made within a 'reasonable time,' which seems literally to apply to motions under Rule 60(b)(4), cannot be enforced with regard to this class of motion. A void judgment cannot acquire validity because of laches on the part of the judgment debtor." Mary Kay Kane, 11 Fed. Prac. & Proc. Civ. § 2862 (3d ed.). Many of the federal appellate courts have followed this reasoning. [citations omitted.]
>
> But this Court is bound by Sixth Circuit authority. And "[t]he Sixth Circuit has held in various cases that periods of anywhere between three and five years between the judgment and the filing of a 60(b)(4) motion were too long to permit the filing of such a motion for relief from judgment." *Williams-El v. Bouchard*, No. 05-CV-70616, 2016 U.S. Dist. LEXIS 60735, at *4 (E.D. Mich. May 9, 2016) (citing *Dailide*, 316 F.3d at 617).

*Willie McCormick and Assocs., Inc. v. Lakeshore Engineering Servs., Inc.*, 2022 WL 4104013 at *4 (E.D. Mich. Sept. 8, 2022).

As Judge Michelson noted, lower courts in this circuit are bound by the approach mandated by the Sixth Circuit Court of Appeals – regardless of what commentators and other circuits may say. The same is true in this case.

Coney Island has presented the timeliness issue in its purest form. It has presented no evidence to show that it did not receive the mailing of the complaint and summons. Indeed, counsel for Coney Island stipulated at the hearing that Coney

Island was "on notice" of the default judgment no later than April of 2016. No action was taken for five to seven years, depending on when one starts and ends the count. Further, Coney Island has presented no proof relating to the reason for the years-long delay in taking action. Coney Island has not even contended that the delay should be considered reasonable under the circumstances if timeliness is a requirement.[4]

Coney Island has instead taken the unyielding position that timing is totally irrelevant and that there is no amount of time that could lapse that would render a motion to vacate a void judgment untimely. In some circuits, that position would likely prevail, but not in the Sixth Circuit.

Based on Coney Island's long, unexcused delay, which is not outweighed by any showing of a lack of prejudice to the Trustee or other equitable concerns, the Court finds that the motion to set aside the default judgment was not filed within a reasonable amount of time. Even if Coney Island can succeed in showing that the judgment is otherwise void due to improper service, its request to set aside the judgment must be denied based solely on the timeliness problem.

Accordingly, Coney Island's motion is denied.

IT IS SO ORDERED.

---

[4] Coney Island did not attempt to present any evidence of lack of prejudice, justification for the delay, or circumstances warranting equitable relief. It chose to rely solely on the legal position that timeliness should be disregarded, so it did not attempt to address the obvious potential prejudice that the Trustee would face from having to disgorge a satisfied judgment and deciding whether to start over in pursuing now stale litigation on behalf of a nearly fully administered Chapter 7 estate of a debtor that ceased operating at least seven years ago. The Trustee also raised concerns about the running of the statute of limitations, which Coney Island argued might be saved by relation back. The Court makes no determination on that issue.

# ADDENDUM

| DATE | ACTION |
|---|---|
| 02-11-15 | Complaint filed. |
| 02-23-15 | Summons and complaint mailed to Coney Island. ** |
| 04-13-15 | Request for Entry of Default. |
| 04-13-15 | Motion for Default Judgment. ** |
| 05-19-15 | Default Judgment Order entered. |
| 04-20-16 | Trustee Demand Letter re the Default Judgment. + |
| 05-16-16 | Trustee's written, post-judgment discovery. + |
| 06-28-16 | Trustee Letter demanding responses to post-judgment discovery by 7-8-16. + |
| 07-13-16 | Trustee filed Motion to Compel. + |
| 08-19-16 | Trustee served by certified mail the order compelling responses and cover letter explaining the importance of same. + |
| 05-07-18 06-04-18 | Trustee Letters informing Coney Island of subpoenas issued to vendors with whom the Trustee believed Coney Island did business. + |
| 09-14-20 | Trustee commenced proceeding in Bankr. Court SDNY to register the judgment. + |
| 01-13-21 | Judgment recorded in Kings County, NY. |
| 02-03-21 | Trustee served Met Bank with Information Subpoena with Restraining Notice. |
| 02-05-21 | Met Bank advised Coney Island of hold on assets in account. |
| 10-7-21 | Hearing before the NY Bankr. Court on Coney Island's motion to vacate the judgment due to lack of jurisdiction. |
| 10-12-21 | NY Bankr. Ct denied the motion to vacate judgment (not on the merits but based on comity). (Coney Island subsequently appealed.) |
| 10-28-21 | Funds seized sufficient to satisfy the judgment. Trustee filed a satisfaction of judgment. |
| 04-21-22 | The NY District Court affirmed the NY Bankr. Court order. |
| 07-08-22 | Coney Island filed in this Court the present motion to Set Aside/Vacate the default judgment. |

**     Served to Coney Island's business address, with no direction to any person by name or title.

+     Served to Coney Island's business address and to the attn. of Daniel Beyda, CEO.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:15-ap-90079   Doc 60   Filed 09/23/22   Entered 09/23/22 12:02:44   Desc Main
Document     Page 9 of 9